State of Mississippi, ex rel. Olus M. Bourgeois, *v.* Edwin Laizer.

Municipalities.    *Contested election.    Offer to qualify.*

> It is unnecessary for a relator to have taken oath and executed bond, or have offered to do so, on or before the beginning of the term, in order to maintain by *quo warranto* a contest for a municipal office with one usurping the same.

From the circuit court of Hancock county.

Hon. Thaddeus A. Wood, Judge.

The state, ex. rel., Bourgeois, appellant, was the plaintiff in the court below; Laizer, appellee, was defendant there. The opinion states the case.

The section of the code discussed by counsel is as follows:

"3052 (400). *Failure to qualify avoids election.*—If any person elected to any office shall fail to qualify as required by law, on or before the day of the commencement of his term of office, a vacancy in such office shall occur thereby, and it shall be filled in the manner prescribed by law for filling vacancies in such offices, unless the failure to qualify arise from there being no officer to approve the bond of such officer elect, and except the governor-elect, when the legislature fixes by resolution for the time of his installation."

*D. B. Seal* and *J. I. Ford,* for appellant.

The question raised by the demurrer to the petition is, whether appellant was required as a condition precedent to his right to contest, by a *quo warranto* proceeding, with the ap-

pellee, the question of his election to the office of mayor of Waveland, to first go through the formality of qualifying, or attempting to qualify, as provided by § 3052 of the code. This statute does not apply to municipal officers at all, but to state and county officers. General provisions of the election and registration laws of the state, and worded similarly to this statute, were held not to apply to municipal elections, unless especially incorporated in the municipal charter. *Easly* v. *Badenhausen,* 59 Miss., 580; *Harrison* v. *Green,* 59 Miss., 453.

The town of Waveland is a municipality operating under a charter independent of the code chapter on municipalities, and there being no provision in its charter requiring qualification by a certain day as a condition precedent to the right to hold an office, the appellant is not required to show that he did qualify, or attempt to, as a condition to his right to institute such suit. But we contend that even though § 3052 does embrace municipal officers, that it has no application to a case of this kind where a man's right to the office is denied, and where it is conceded that on the face of the returns that the contestee had a *prima facie* right to the office. This provision of the law is intended to enjoin upon a man holding a certificate of election the necessity of being prepared and equipped to enter upon the discharge of the duties of the office upon the day fixed by the law for the beginning of his term, so that the proper authorities may be advised whether a new election will be necessary, and as stated by this court in the case of *Pearson* v. *Wilson,* 57 Miss., 848, where an election is contested the requirement to qualify within a certain time does not apply. The law never requires or contemplates a vain thing, and what would be the sense of requiring a man to attempt to do something that he could not possibly accomplish. No officer, or set of officers, charged with the duty of accepting and approving official bonds would, or could, accept and approve one bond from the person holding a certificate of election, and also the bond of another, who merely asserts a claim to the office. Sec. 3522 of the cod ,

in regard to the trial of title to an office under a *quo warranto* proceeding, provides that if the trial result in favor of the relator, "he shall be entitled to the office upon his qualifying according to law," etc. If the relator was required to qualify, or attempt to qualify, before suing, this § 3522 would read that "he should be entitled to the office, provided he had qualified, or attempted to qualify, according to law." So we submit that § 3052 was never intended to embrace persons who hold a certificate of election and *prima facie* right to the office, but applies only to persons who possess the evidence of his title to the office, in the shape of· a commission or certification of election.

*Bowers, Chaffe & McDonald,* for appellee.

We apprehend that the court will have very little difficulty in determining that § 3052 of the code of 1892 applies to municipal as well as county and state officers. The words of this statute are, "If any person elected to any office shall fail to qualify,"  etc., "a vacancy in said office shall thereby occur . . . and it shall be filled in the manner prescribed by law for filling vacancies in such office, unless the failure to qualify arises from there being no officer to approve the bond of such officer elect, and except the governor-elect when the legislature fixes by resolution the time of his installation."

It is certain that the terms of this section are sufficiently broad and comprehensive to cover every office, state, county, or municipal, and it is necessary to resort to construction in order to escape its force. The appellant relies upon the cases of *Easly* v. *Badenhausen,* 59 Miss., 580, and *Harrison* v. *Green,* 59 Miss., 453. We submit that neither of these cases is in point. In these suits it was properly held that §§ 137, 150 of the code of 1880 applied only to the elections which are treated of in the chapter of which those sections are a part. In other words, the effect of their provision is limited to the subject-matter of the legislation, as dealt with in the chapter in which those sections are found.

Section 3052 of the code of 1892 is found in chapter 95, under the head of "officers, general provisions," and this chapter and every section contained therein, unless by its terms expressly limited to some other, deals with the municipal as well as state and county officers. Chapter 2 of the code of 1880 had no reference to the municipal elections, and therefore did not apply to them, but such cannot be said with reference to chapter 95 of the code of 1892. Sections 3066, 3067, 3069, and 3070, all found in this same chapter, in express terms refer to municipal officers, and show that it was the intention of the legislature to deal with such offices.

TERRAL, J., delivered the opinion of the court.

This is a contest by the relator, Olus M. Bourgeois, against Edwin Laizer for the mayoralty of the town of Waveland, Hancock county; the relator alleges that on the first Tuesday of August, 1898, an election was held in said town at which he and Edwin Laizer were opposing condidates for mayor; that said election was duly held, and that the commissioners of election made a return to the mayor and aldermen of said town stating therein that the relator had received thirty votes, and Edwin Laizer had received thirty-one votes for mayor; that said return was false and fraudulent; and that in fact John Barr, Henry Meggs, and Peter Meggs, who were not qualified voters of said town, had voted for Laizer, and their votes had been so counted for him. That A. Zimmerman, Edmund Bourgeois, Joseph Leon Bourgeois, Alcide Ladner, and Lucien Bourgeois, who were legally qualified and registered voters of said municipality, and who offered to vote in said election, and who, if permitted to do so, would have voted for relator, were fraudulently refused permission to vote by the election commissioners; that in pursuance of said false and fraudulent return of said election commissioners, the said Edwin Laizer intruded himself into the office of mayor of said town, to which office the relator alleged himself to be entitled if said false and fraudulent votes for Laizer had been rejected.

The defendant demurred to the petition; the court sustained the demurrer, and the relator appeals.

The two grounds of the demurrer relied on are: (1) The petition does not distinctly show that the relator was elected to said office of mayor. 2. The petition does not show that the relator offered to qualify for said office by taking the oath of office and by giving the required bond.

1. We understand the petition to allege that rejecting the illegal votes counted for Laizer, the relator was elected mayor; that certainly is the fair import of the language of the petition.

2. We do not think it was necessary for relator to have taken the oath of office, and to have given the official bond, or to have offered to do so, on or before the day of the commencement of the term of office, in order to the making of a contest for his right in the premises. The return by the election commissioners of Laizer as being elected to the office of mayor made it unnecessary for him to make an effort at qualifying for the office until the wrong of the commissioners was corrected. When his right to the office is determined in his favor, he will be allowed a reasonable time in which to take the official oath and give the official bond.

If it be true, as is alleged by the relator and as is admitted by the demurrer, that the relator was duly elected to the office of mayor, and that Laizer intruded himself into the office by means of the false and fraudulent returns of the election commissioners, the relator has made a case for relief. Certainly the law cannot permit such misconduct without affording a remedy for the evil.

The judgment is reversed, the demurrer is overruled, and the defendant is allowed thirty days to answer after the filing of the mandate in the circuit court.

*Reversed and remanded.*