CARVER *v.* STATE *ex rel.* RUHR.

(Division A. Nov. 16, 1936. Suggestion of Error Overruled Nov. 30, 1936.)

[170 So. 643. No. 32399.]

**E. J. Gex,** of Bay St. Louis, for appellant.

56

Robert L. Genin and Edward I. Jones, both of Bay St. Louis, for appellee.

58

**Cook, J.,** delivered the opinion of the court.

This is a contest by the relator, W. A. Ruhr, against Allen Carver for the office of alderman of the town of Waveland, Miss. The quo warranto petition alleges that the appellant, Allen Carver, is claiming and usurping the office of alderman of the first ward of the town of

Waveland, to which the relator was elected at a special election regularly called for the purpose of filling a vacancy in said office. It was further averred that the said Allen Carver and W. A. Ruhr were the only candidates for said office at the special election; that there were thirteen ballots cast at said election, three of these being protested and placed in separate envelopes with the name of the voter written thereon; that the managers of the election counted only the ten unprotested ballots, with the result that there was a tie vote; that the said managers thereafter failed and refused to make a report of their count, and the commissioners of election refused to meet and canvass the returns of the election.

The petition further averred that, at the instance of the district attorney, a writ of mandamus was issued commanding said commissioners to meet and canvass the returns of the election; that, in obedience to the command of said writ, the commissioners met and canvassed said returns; that of the ten unprotested votes the commissioners wrongfully failed and refused to count for the said W. A. Ruhr one ballot which was marked with an ordinary check mark opposite his name; that of the three protested ballots, the commissioners rightfully refused to count the ballot of Sam Carver, who had marked his ballot for Allen Carver, and that they wrongfully and fraudulently refused to count the ballots of Mr. and Mrs. G. W. Hillis who had voted for the relator; that if all of said ballots had been counted in accordance with the law and the intentions of the qualified electors, the relator would have received a majority of two votes at such special election; and that, consequently, the said relator was duly elected to the office of alderman of the first ward of said town of Waveland, and was and is entitled to hold said office. The prayer of the petition was that the relator be declared to be entitled to said office, and that the appellant be removed therefrom and prohibited from exercising or claiming any title to, or right or interest in, said office.

To this petition the defendant, Allen Carver, filed a plea of the general issue and gave notice thereunder that he would offer evidence to prove that Sam Carver was a qualified elector and was entitled to vote, and that his ballot which was voted under protest should have been counted for the defendant; that the names of Mr. and Mrs. G. W. Hillis had been properly and legally scratched off the roll of voters, for the reason that they had removed from the town, and consequently they were not entitled to vote in said election.

The cause was heard before the court, without the intervention of a jury, and upon the oral and documentary evidence the court found that Mr. and Mrs. G. W. Hillis were qualified electors of the first ward of said town and were entitled to vote in said election; that Sam Carver was not a resident of said ward and was therefore not entitled to vote; that the ballot marked with a check mark was not entitled to be counted, and that there were eleven legal ballots cast in said election, of which the relator received six votes while the defendant, Allen Carver, received five votes, and that, therefore, the said relator was entitled to the office. The judgment further ordered that the said Allen Carver be removed from the office, and that the relator be recognized as the duly elected alderman, and that he be entitled to take possession of said office upon qualifying as required by law. From this judgment, this appeal was prosecuted.

The proof shows that, before the special election in question, the election commissioners of the town of Waveland met for the purpose of revising the registration and poll books, and that at such meeting they entered on the poll books opposite the names of both Mr. and Mrs. G. W. Hillis the notation "transferred to Bay St. Louis," and while the question does not seem to have been directly raised in the court below, it is here contended that the action of the commissioners in placing this notation on the poll books was a final and conclusive adjudication that these parties were not qualified electors of the first

ward of the town of Waveland, and that in this proceeding the court was without jurisdiction to reinstate them or to declare them to be qualified electors of said town.

While the right and power of the court, in quo warranto proceedings, to go behind the action of the election commissioners in passing upon the qualification of voters seems to be expressly recognized in the cases of Kelly v. State ex rel. Kierskey, 79 Miss. 168, 30 So. 49, and State ex rel. Bourgeois v. Laizer, 77 Miss. 146, 25 So. 153, it will not be necessary to determine that question here, since the mere notation on the poll books of the words "transferred to Bay St. Louis" was ineffective for any purpose. Section 6211, Code of 1930, provides that five days before any election, other than a general election, the commissioners of the election shall meet in the office of the registrar and carefully revise the registration books and the poll books of the election district, and shall erase therefrom the names of all persons erroneously thereon, or who have died, removed, or become disqualified as electors from any cause. The power granted to the commissioners by this statute is to revise both the registration and poll books by erasing therefrom the names of persons who have removed from the election district. In this case the commissioners did not erase the names of Mr. and Mrs. Hillis from either the registration or the poll books and made no notation whatever on the registration book, and no power is granted to the commissioners to transfer voters from one election district to another; consequently, the notation made on the poll book opposite the names of these voters was ineffective as an adjudicatoin that they were disqualified as electors, and that question must be determined from the facts as presented on the hearing of this proceeding.

The court below committed no error in refusing to count the ballot which was marked with an ordinary check mark opposite the name of the relator on the ballot. Section 6240, Code of 1930, requires that the voter shall mark his ballot by placing a cross (x) op-

posite the name of the candidate of his choice for each office to be filled. In Kelly v. State ex rel. Kierskey, supra, it was held that the voter's choice cannot be indicated by a straight mark opposite the name of the candidate, and that a ballot so marked cannot be counted; while in the case of Guice v. McGehee, 155 Miss. 858, 124 So. 643, 125 So. 433, it was held that ballots marked with an ordinary check mark, which appeared to have been made by design and not in an effort to make an X should be rejected.

The findings of the court below as to the residence and qualification as voters of G. W. Hillis, who was principal of the public school of the town of Waveland, his wife, Mrs. G. W. Hillis, and Sam Carver, find support in the evidence, and we are unable to say that such findings are manifestly erroneous. The judgment of the court below will, therefore, be affirmed.

Affirmed.