UNITED GAS CORPORATION, et al. *v.* CITY OF PHILADELPHIA, MISS.

No. 41409 March 14, 1960 118 So. 2d 618

*Avery & Putnam, Brunini, Everett, Grantham & Quin,* Jackson; *Wilkinson, Lewis, Madison & Woods, W. O. Crain,* Shreveport, La., for appellants.

412

*Sanford & Alford,* Philadelphia, for appellee.

HALL, J.

On November 6, 1946 the appellee granted to the United Gas Corporation a franchise to lay its lines in the streets, avenues, alleys and public places of the city for the purpose of distributing and selling gas to the inhabitants of the city. This franchise was for a period of twenty five years and was granted under the authority of Section 3406 of the Code of 1942 authorizing municipalities to grant to persons or corporations the use of its streets, avenues, alleys, public grounds, etc. for the purpose of laying gas mains and furnishing and supplying the municipality and inhabitants with gas. That section has since been repealed.

Section 3433 of the Code of 1942 then in effect authorized the city to fix the rates subject to review by the chancery court of the county.

Upon the granting of the franchise the gas company filed a schedule of rates which, at the time, was agreed to be fair and reasonable. It was provided in Section 7 of the franchise that the rates then fixed and agreed to be fair and reasonable should be effective so long as they remained fair and reasonable or changed or altered as provided by law.

The legislature thereafter enacted Chapter 372 of the Laws of 1956 effective from the date of its passage and approved on March 29, 1956. That act repealed Section 3433 of the 1942 Code and vested in the public service commission the right to determine and fix rates.

The question presented on this appeal is whether the jurisdiction to fix and determine the rates rests in the city subject to review by the chancery court, or in the public service commission.

██ ■ Of course, municipalities are creatures of the state and the legislature was empowered to withdraw from the municipality the right to fix the rates.

██ ■ The City of Philadelphia obtained an injunction in the Chancery Court of Neshoba County prohibiting the United Gas Corporation from increasing its gas rates in the State of Mississippi, including the City of Philadelphia, Mississippi and on hearing of a motion to dissolve this injunction the chancellor found that in the franchise granted to the United Gas Corporation on November 6, 1946 "it was stipulated and agreed that the gas rates, when they were not satisfactory, should be agreed upon by the parties to said contract and fixed by the city and, if not satisfactory, appealed to the Chancery Court of Neshoba County, Mississippi which was provided for in said cited law, all of which is shown by Ordinance No. 282, a certified copy of which is attached to the original bill." It will be noted that in his findings of fact the chancellor stated that the gas rates, when they were not satisfactory, should be agreed upon by the parties, and if not satisfactory, appeal might be had

to the chancery court. It was in this finding of fact that the chancellor completely missed the point. Ordinance No. 282 of the city, in Section 7, provides that the gas company shall have the right to charge and collect reasonable and compensatory rates and it was agreed "that the schedule of rates for residential gas service and commercial gas service filed on November 6, 1946 with the city are fair and reasonable under the conditions existing at the time this franchise is granted, and that such a schedule of rates shall be effective so long as they remain fair and reasonable *or changed or altered as provided by law.*"

We do not think that Section 39 of Chapter No. 372 of the Laws of 1956 had the effect of carrying over the franchise to 1971 as contended by the city. According to the very terms of the franchise it remained in effect only so long as the rates were fair and reasonable or until changed or altered as provided by law.

Under Section 7716.01 et seq. of the Code of 1942 (Chapter 372, Laws of 1956) the public service commission was vested with jurisdiction to determine and fix rates. Under the Public Service Commission Act a full right of hearing and appeal is guaranteed and it is our opinion that the appellee's remedy is before the public service commission and no longer before the Chancery Court of Neshoba County and that the chancery court erred in its findings of fact and in its conclusions of law. The legislature has provided an ample remedy for the apellee and it has always reserved the right to pass such laws as may be expedient or necessary in municipal affairs. Consequently the lower court was in error and the decision of the chancery court must be reversed and judgment entered here in favor of the appellant.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.