INZER, Justice.
This is an appeal by the Mississippi State Highway Commission from a final judgment of the Circuit Court of Scott County, wherein that court made permanent a temporary writ of prohibition theretofore issued by that court, whereby the Mississippi State Highway Commission was prohibited from condemning two parcels of land belonging to Mrs. Elizabeth Stuart Jacob in Scott County, Mississippi. The two tracts, consisting of less than two acres, are adjacent to the Interstate Highway 20 right-of-way. The Mississippi State Highway Commission, hereinafter called Commission, determined that public necessity required the taking of the two tracts as additional right-of-way for the highway.
The principal question to be determined on this appeal is whether the landowner met the burden of proof necessary to show that the Commission abused its discretion in determining that public necessity required the taking of the land in question.^
We have heretofore firmly established the rule that the question of public necessity for a taking is essentially a legislative question, and the burden of, proof on this issue is upon the landowner to show the lack of necessity. Furthermore, the determination of whether the taking is necessary is within the discretion of the Commission, and the courts will not interfere unless fraud or a clear abuse of this discretion is shown. Pearl River Water Supply Dist. v. Brown, 248 Miss. 4, 156 So.2d 572, 158 So.2d 694 (1963); Erwin *262 v. Mississippi State Highway Comm’n, 213 Miss. 885, 58 So.2d 52 (1952); Ham v. Board of Levee Comm’rs, 83 Miss. 534, 35 So. 943 (1903).
The Commission determined that it was necessary to take these two small tracts adjacent to the highway right-of-way in order to correct a drainage problem which had developed as a result of the construction of the highway. The original plan for construction called for a 4 to 1 slope of the hillside from the ditch on the north side of the roadbed to the top of the hill. After the cut was made, the soil from the hillside began to slide or slough off, thus filling up the ditch on the side of the roadbed, preventing proper drainage of the road and creating a situation that everyone agrees must be corrected. The slide resulted from the porous nature of the soil in the hillside. This soil, commonly known as Yazoo Clay, is also referred to as A-7 soil and has an index number of 19 or 20. It has a high clay content and absorbs water easily. This absorption of water causes the soil particles to break down and the soil more or less flows.
After an investigation by its engineers, the Commission determined that in order to correct this situation it was necessary to reduce the grade of the slope from 4 to 1 to 6 to 1. To accomplish this, it was necessary that this additional right-of-way be acquired. Unable to agree with the landowner, the Commission passed the necessary and proper order to acquire the land by condemnation. The landowner, under the provisions of the statute, filed a petition for a writ of prohibition to prohibit condemnation of the land. The petition as originally filed alleged that it was not necessary for the Commission to acquire title to the land, but that all it needed was a temporary easement. After the landowner concluded her proof the court allowed petitioner to amend its petition so as to allege that it was not necessary for the Commission to acquire any right in the land.
The issues were tried by the circuit judge without a jury, and he found that the proof showed that if the Commission was allowed to acquire the land in question, it would be used as a part of the right-of-way for Interstate Highway 20. He correctly held that the burden of proof was upon the landowner to prove that the Commission abused its discretion in declaring the taking of the land to be a public necessity. However, we are of the opinion that he was in error in holding that the landowner met this burden. His finding that the proof showed an abuse of discretion and a lack of necessity for the taking of the land was based upon the premise that the proof established that the drainage problem could be corrected by building a retaining wall or digging out and backfilling the slope, either of which could be done within the limits of the present right-of-way. He also held that the plan adopted by the Commission was nothing more than an experiment, the success of which was uncertain.
Discretion in a legal sense has been defined as the power of free decision to choose between alternate courses of action. It is not for the court to determine whether the plan adopted by the Commission is a wise or expedient one, but only whether in adopting the plan it exercised its authority in a reasonable manner. An error in judgment is not an abuse of discretion. The fact that experts disagree with the plan adopted and conclude that some other plan is better is not sufficient to show an abuse of discretion, as long as the choice made by the Commission is one that a fair-minded tribunal could have reached. The question of the wisdom, suitability or expediency of the plan was for the Commission to determine, not the court.
The proof shows that the Commission decided to use what is termed as the “lay back” method for reducing the slope. After having its engineers make a study of the situation, and before a decision was reached, other methods were considered, including *263 the use of a retaining wall and the “cut back” method. The proof further shows that the plan adopted has the advantages of being more economical, of conforming with the method used at other places on the same highway, and of enhancing the overall beauty of the highway.
For the reasons stated we are of the opinion that the landowner failed to meet the burden of proof necessary to show an abuse of discretion on the part of the Commission when it declared the taking of the land in question to be a public necessity. The judgment of the circuit court is reversed, and judgment is entered here dissolving the writ of prohibition.
Reversed, and judgment here for appellant.
GILLESPIE, P. J., and RODGERS, PATTERSON and ROBERTSON, JJ-, concur.