ETHRIDGE, Chief Justice.
This case involves two questions: (1) Whether a municipality has the power to purchase the equipment necessary to mix for itself the ingredients of a “hot-mix” asphalt for paving purposes, and to apply the asphalt to its streets; and (2) if so, whether the bill alleges sufficient facts which if true would justify judicial interference for bad faith or abuse of discretion by the city authorities. We hold that the city has power to purchase this equipment and pave its own streets; and an injunction is not justified.
The original bill of complaint in this taxpayers’ suit sought to enjoin the City of Meridian and its mayor, councilmen, and city manager (defendants-appellees), from expending public funds to purchase an “asphalt plant,” or equipment necessary to mix the ingredients of asphalt for paving purposes, and from applying it to the city’s streets. The complainants-appellants are Thomas H. Webb, president of Mid-States Paving Company, James W. Buchanan, Jr., and Sam Finley, Inc., also engaged in the paving business. The Chancery Court of Lauderdale County sustained a demurrer, denied complainants’ motion for leave to amend the original bill, and dismissed the action.
*834 I.
The original hill of complaint charged: The electorate of the city approved a bond issue for constructing bridges and improving and paving streets. The city council advertised for bids from private companies for the furnishing of labor and materials for the street improvement program for which the bonds had been approved, but after receiving and considering them, it rejected all bids as being too high. The city was not authorized by its charter or statute to purchase the equipment to mix and produce asphalt, and to lay it on its streets. Defendants computed the cost of asphalt to the city at $5.05 per ton. The low private bidder was Sam Finley, Inc., at $7.72 per ton. After accounting for a number of expenses not considered by the city, defendants’ cost per ton would be not less than $7.05 per ton, and the most defendants could hope to save would be something less than 67 cents per ton of asphalt, instead of $2.67 per ton, which defendants had represented they could save the taxpayers. Defendants have acted “hastily, capriciously, arbitrarily, or unwisely, and have evidenced a complete lack of knowledge and competence in the field of asphalt mixing, manufacturing and placement. * * * ” The proposed actions would be a wrongful misappropriation of public funds, and a reckless and wanton disregard therefor. It was stipulated that no proceeds of the bond issue would be used for this program.
In brief, the pleadings presented squarely the issue of whether the city has the power to prepare its own paving materials, to acquire the equipment or plant necessary to do that, and to lay the asphalt on city streets. We conclude that it has.
The original statutory charter of the City of Meridian gave its governing authority “exclusive jurisdiction over the subject of roads, streets, alleys, and bridges, within the corporate limits * * The board could designate persons “liable to road duties, * * * to work on the roads, streets and bridges, within the said city * * Miss.Laws 1859, Ch. CCCLXL, at 539, 543.
Mississippi Code Annotated section 3374-112 (Supp.1964), provides:
Every municipality of this State shall be a municipal corporation and shall have power to sue and be sued; to purchase and hold real estate, either within or without the corporate limits, for all proper municipal purposes, including parks, cemeteries, hospitals, schoolhouses, houses of correction, waterworks, electric lights, sewers, and other proper municipal purposes; to purchase and hold personal property for all proper municipal purposes; to sell and convey any real and personal property owned by it, and make such order respecting the same as may be deemed conducive to the best interest of the municipality, and exercise jurisdiction over the same; to make all contracts and do all other acts in relation to the property and affairs of the municipality necessary to the exercise of its governmental, corporate and administrative powers; and to exercise such other or further powers as are otherwise conferred by law.
Mississippi Code Annotated section 3374-129 (1956), states:
The governing authorities of municipalities shall have the power to exercise full jurisdiction in the matter of streets, sidewalks, sewers, and parks; to open and lay out and construct the same; and to repair, maintain, pave, sprinkle, adorn, and light the same.
Under these statutes the city is given authority to purchase, hold, and sell real and personal property “for all proper municipal purposes.” It has “full jurisdiction” over streets, and can open, lay out, construct, repair, maintain and pave them. These definitions of municipal authority constitute the equivalent of an express grant of power to purchase equipment necessary to mix paving materials to *835 be used on the city streets. Borgelt v. City of Minneapolis, 271 Minn. 249, 135 N.W.2d 438 (1965), is a well-reasoned opinion holding that the City of Minneapolis had authority to acquire and operate an asphalt mixing plant to be used only for the preparation of materials used by the city itself on its streets. It is pertinent here.
The purchase by a city of equipment for mixing asphalt to be used on its own streets does not constitute the entry by local government into a business. The product of the mixing would be used only on municipal streets. It would not be sold or utilized elsewhere in competition with private business. Certainly the building, repairing, and maintenance of city streets is a legitimate public purpose. The statutes expressly recognizes that fact. A municipality has the power to pave, construct and maintain its streets. The method by which-this power is exercised is not defined. Accordingly, if a power is conferred and the law is silent as to the mode of exercising it, municipal authorities are clothed with a reasonable discretion to determine the manner in which it shall be carried out. All reasonable modes are inferred.
Moreover, when the authority to exercise the power exists, wide latitude is allowed in its exercise. Unless some abuse of discretion results, it will be upheld. Certainly a court should not sit in review on proceedings of municipal officers involving legislative discretion, except in cases of fraud, corruption, or. arbitrary, unreasonable actions amounting to an abuse of discretion. 2 McQuillin, Municipal Corporations §§ 10.29, 10.33 (3d ed. 1966). In contrast with the instant case, Davenport v. Blackmur, 184 Miss. 836, 186 So. 321 (1939), did not involve an express grant of power with no prescription as to the mode of exercising it. There it was held that the City of Water Valley could not engage in the commercial business of operating an automobile testing station.
II.
The remaining question is whether the proposed, amended bill of complaint charged such a capricious and arbitrary abuse of governmental power as to justify an injunction. In a hearing on the demurrer to the original bill, the chancellor ruled that he would sustain it. It was then stipulated that entry of a final decree would be held in abeyance until such time as the court should determine whether complainants would be permitted to file an amended bill. Thereafter, complainants made a motion for leave to file an amended bill of complaint, attaching the proposed bill to the motion. The chancery court overruled the motion for amendment, on the ground that the amended bill would not alter the defects of the original, and would be unavailing to change the result. It sustained the demurrer to the original bill and dismissed the cause. Although amendments are liberally allowed, if they will not perfect a pleading, relieve it of fatal defects, or would be unavailing to change the result, the amendments will not be allowed. Gully v. First National Bank, 183 Miss. 385, 184 So. 615 (1938); Griffith, Mississippi Chancery Practice, § 391 (2d ed. 1950).
It is well established that courts will not sit in review of proceedings of municipal officers and departments involving legislative discretion. Where the power exists, the city council has the right to use all reasonable methods of executing it. 2 McQuillin, Municipal Corporations §§ 10.29, 10.33, 10.37 (3d ed. 1966). We do not think the proposed, amended bill is sufficient. Appellants’ argument of bad faith and abuse of discretion, as alleged, comes down to essentially a matter of economics, of whether the city was acting wisely from an economic point of view.
The proposed, amended bill repeated many of the averments in the original complaint: Defendants’ projected cost figure of $5.05 per ton does not include a number of necessary additional items of cost, such as plant site, railroad spur tracks, *836 a tank, conveyor and pit, storage house, bulldozer, electricity to run plant, labor to unload railroad cars, eight more men to place the asphalt, tractor, service trucks, and hand tools. The equipment and labor would cost the city $8.24 per ton, rather than $5.05 per ton. (The original bill charged it would cost the city $7.05 per ton, so the proposed, amended bill increased complainants’ estimate of cost to the city by $1.19 per ton.) Sam Finley, Inc., a complainant, was the low bidder at $7.72 per ton, or 52 cents less per ton than the estimated cost per ton for the city to buy the equipment and mix and spread the asphalt. For these reasons, an injunction was necessary to prevent the city from acting capriciously, arbitrarily, “and with such gross mismanagement that it amounts to an abuse of power and is tantamount to bad faith.”
There was no charge of facts to constitute fraud. The city council had a reasonable area of discretion in determining the methods of exercising its power to construct, maintain, repair, and pave streets. A careful examination of the pleadings reveals neither bad faith nor an abuse of power. Appellants’ argument in this respect comes down to a matter of economics, to an assertion that the city will have to spend so much more money to do the job itself than it would expend by obtaining the asphalt from private sources, that it would amount to an abuse of its discretionary power. The proposed, amended bill in substance asserts that by using private contractors, Meridian would save 52 cents per ton.
No principle of law is better established than that courts will not sit in review of proceedings of municipal officers involving legislative discretion. Their judgment upon matters within the scope of their authority should not be controlled by the courts. Hence the wisdom and expediency of municipal legislative acts should not be evaluated by the courts, if the acts are within the scope of municipal powers. Certainly this Court should not substitute its judgment for that of the municipal authorities if there is room for debate. If the result of a proposed action is an economic mistake, “the prevailing answer of the courts is that the remedy, if any exists, is at the ballot box rather than by injunction or other court proceedings.” 2 McQuillin, Municipal Corporations § 10.33 (3d ed. 1966).
In Mississippi State Highway Commission v. Jacob, 192 So.2d 260 (Miss.1966), the Commission’s action in condemning two small tracts adjacent to a highway right-of-way in order to correct a drainage problem was affirmed, although the landowner’s evidence indicated that the difficulty could be corrected also by building a retaining wall. Discretion is the “power of free decision to choose between alternate courses of action.” We should not determine whether the plan adopted by the Commission “is a wise or expedient one,, but only whether * * * it exercised its authority in a reasonable manner. An error in judgment is not an abuse of discretion * * * The question of the wisdom, suitability or expediency of the plan was for the Commission to determine * * 192 So.2d at 262.
The balancing of economic advantages and disadvantages is not a proper criterion for determining whether a city council should be enjoined from using a particular method of exercising its delegated legislative power. The averments of the proposed, amended bill manifestly did not take into consideration many factors which the mayor and council could and should evaluate, such as, for example, both the present and future uses of asphalt mixing equipment, the economic significance of continuing, future use of such machinery, equipment already possessed by the city, and labor already regularly employed by the municipality. Taking the proposed, amended bill at its best, we do not think it is up to this Court, but rather to the mayor and council of Meridian, to deter *837 mine whether an alleged saving of 52 cents per ton, with a private bidder, would be preferable to the city owning, supplying, maintaining, and paving its own streets with its own equipment. Assuredly this fairly debatable question, decided as the city has, cannot be said to constitute bad faith or an abuse of discretion.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.