SUGG, Justice:
The appellants filed separate suits in the Circuit Court of Washington County, Mississippi, for writs of prohibition to prohibit the County Court for hearing eminent domain suits brought by the appellee. The Circuit Court dissolved the temporary restraining orders in each case and held that public necessity existed for taking the property of the appellants. The appellee filed a cross-appeal in regard to certain testimony that was excluded by the trial court.
The question in this lawsuit involves the right of the State Highway Commission to acquire right-of-way for a four-lane highway from Leland, Mississippi south to Ar-eola, Mississippi as a part of a project to relocate Highway No. 61.
The Legislature, by Chapter 453, Laws of 1968, enacted a bill designating a super highway system and additional four-lane highways for the state.
Section 2 of Chapter 453 now appearing as section 8022-02 of the Mississippi Code *186 of 1942 Annotated designates certain four-lane highways to connect various areas of the state with the interstate and primary highways, and authorizes and directs the State Highway Commission to “[C]onstruct, reconstruct, and maintain four-lane highways, that is, not less than two (2) lanes for traffic flowing in each direction, along the following routes, to-wit
Paragraph 4 of Section 2, supra, provides :
Beginning at or near Leland, proceeding south to Rolling Fork, through Valley Park, to intersection with Interstate 20, approximately two (2) miles east of Vicksburg.
Section 170 of the Constitution of 1890 as amended in 1924 provides in part as follows :
[Pjrovided, however, that the legislature may have the power to designate certain highways as “state highways,” and place such highways under the control and supervision of the state highway commission, for construction and maintenance.
In the case of Mississippi State Highway Commission v. Jacob, 192 So.2d 260 (Miss.1966), the rule was firmly established that the question of public necessity for a taking for highway purposes is essentially a legislative question.
We affirm the rule and hold that by virtue of Section 170, supra, of the Constitution the Legislature has full jurisdiction over highways designated as “state highways” by it.
When the Legislature designated the highway in question as a four-lane highway the State Highway Commission had no discretion as to whether the right-of-way should be for two lanes or four lanes. This question was settled by the Legislature.
Although the legislative act cited above disposes of the issue in this case, we do not intend, by this decision, to prohibit the State Highway Commission from acquiring sufficient right-of-way for more than two lanes of traffic on highways designated by the Legislature as two-lane highways, unless such intent specifically appears in such statutes.
By virtue of the authority of Section 170, supra, of the Constitution, the Legislature enacted section 8038 Mississippi Code of 1942, Annotated (Supp.1971) and gave the State Highway Commission broad powers with reference to the state highway system. Pursuant to the power granted by the Legislature, the Highway Commission has adopted a policy of acquiring a sufficient amount of right-of-way for more than two lanes of traffic when a projection of the traffic count on highways shows it will reach approximately 4,000 cars per day within a 20 year period.
The determination of the amount of right-of-way necessary for any given highway is within the discretion of the State Highway Commission under policies that it may adopt from time to time, unless the Legislature limits this power.
The general rule is stated in 26 Am.Jur. 2d Eminent Domain Section 114 (1966) which is as follows:
In the absence of a statute controlling the amount of land that may be taken for a public purpose, the grantee of the power of eminent domain may exercise a large discretion in such respect. This discretion as to the amount is not reviewable by the courts, unless, possibly, where there has been a gross abuse or manifest fraud. (26 Am.Jur.2d Eminent Domain at p. 772).
A futher statement of the general rule is found in 29A C.J.S. Eminent Domain § 92 (1965) as follows:
Prospective needs. The amount of land which may be taken by a grantee of *187 the power of eminent domain need not be restricted to the needs of the immediate future. The grantee may condemn lands sufficient to provide for not only its present but also its prospective necessities, if it is not more than may in good faith be presumed necessary for future use within a reasonable time. The determination of the grantee will not be interfered with by the courts except in a clear case of abuse of discretion. However, the grantee may not provide for a need that may arise at some remote time in the future. (29A C.J.S. Eminent Domain at pp. 386, 387).
We have adopted the general rule in Mississippi, and in Pearl River Valley Water Supply District v. Brown, 248 Miss. 4, 158 So.2d 694 (1963) this Court held that the determination of whether or not a taking is necessary is within the discretion of the Commission, and the Courts will not interfere unless fraud or a clear abuse of this discretion is shown.
The policy of the State Highway Commission in acquiring sufficient right-of-way for four-lane highways when there is a projected traffic count that will justify such acquisition corrects the situation that became apparent when the State constructed the present interstate highway system. When the present interstate highway system was constructed it was necessary in many places to relocate such highways so that right-of-way of sufficient width could be acquired. Many businesses have been constructed along the present highway system to serve the traffic along such highways and when the interstate system was built, much of the traffic was diverted from the old highway system to the new interstate system, thus isolating these businesses with a great economic loss to the owners.
In addition to this economic loss, relocation of highways takes additional land out of productive use, because the abandoned highway usually remains in service for local traffic, thus prohibiting any productive use of the land for an expanding population.
When public authorities acquire land for public use, careful projection should be made of future needs to insure that sufficient land will be acquired to take care of reasonably anticipated needs of the public for the use for which the land is taken.
The appellee, by its cross-appeal, raises the question that the trial court should have admitted evidence on the exorbitant costs of later acquisition of additional parallel rights-of-way as relevant on the issue of whether the Commission abused its discretion in seeking to acquire four-lane right-of-way.
Residences and businesses have been constructed in such close proximity to the right-of-way of existing highways that the acquisition of additional parallel right-of-way would necessitate the removal or relocation of many buildings at additional cost. We are of the opinion that evidence showing such additional cost is relevant because it would have a direct bearing on the question of the economical acquisition of right-of-way.
The trial court did not err in refusing to admit such testimony in this case because the Legislature specifically designated the highway in question as a four-lane highway. For the same reason the court did not commit error in sustaining an objection to the testimony of the expert witness of appellee on the question of the need for right-of-way for four lanes for the highway in question.
For the reasons indicated above, this case is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, BRADY and SMITH, JJ., concur.