504 So.2d 208 (1987)
Clifton M. PETERSON, Agnes Marie Peterson and William C. Peterson
v.
CITY OF McCOMB CITY, MISSISSIPPI.
No. 56520.
Supreme Court of Mississippi.
March 18, 1987.
*209 Dennis L. Horn, Horn & Payne, Hazlehurst, for appellant.
Thomas Walman, McComb, James L. Carroll, Michael W. Ulmer, Frank A. Wood, Jr., Watkins & Eager, Jackson, for appellee.
Before WALKER, C.J., and ROBERTSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case poses but one question: May a municipality of this State, operating under a Private Charter, employ a city administrator, whose duties neither violate the city charter nor state statutes? Here, we hold that the city's governing board acted within its discretion, affirming the chancellor's decision to dismiss the complaint.
In 1982, the mayor and selectmen of McComb City enacted an ordinance creating the office of city administrator, a full-time position distinct from that of the part-time elected officials to whom he would answer. In 1984, they also passed an ordinance, creating the Department of Police and Fire Services, as well as the office of director for the department. The director then became both police chief and fire chief.
Aggrieved by the organizational change, city firemen met on numerous occasions to discuss their concerns, electing representatives to contact local officials. They complained that the mayor and selectmen had improperly delegated their authority to the city administrator and the director of police and fire services, in violation of the city charter and state statutes. They also maintained that efficiency had declined under the new system and that morale had plummeted, when the city installed someone from the "outside" as fire chief, thereby reducing their ability to gain rank.
When the District Attorney declined to pursue the matter, the firemen sued the City of McComb City, seeking (1) a declaratory judgment that the positions of City Administrator and Director of the Department of Police and Fire Services, as well as the Department of Police and Fire Services itself, were contrary to the city charter and state statutes, and (2) a permanent injunction denying the expenditure of funds for the positions and the department. On a motion for summary judgment, the chancellor dismissed the complaint, finding that the ordinances which created the positions and the department failed to violate either the city charter or state statutes.

I.
In Mississippi, a municipality is a "creature" of the State, possessing only such power as may be granted by statute. Delta Electric Power Association v. Mississippi Power & Light Co., 250 Miss. 482, 510, 149 So.2d 504, 513 (1963); United Gas Corporation v. City of Philadelphia, 238 Miss. 409, 414, 118 So.2d 618, 619 (1960). Yet, municipalities are not confined to a single method of operation, in the absence of statutory prescription. City of Jackson v. Luckett, 336 So.2d 776, 778 (Miss. 1976); American-LaFrance, Inc. v. City of Philadelphia, 183 Miss. 207, 223, 184 So. 620, 623 (1938). In Webb v. City of Meridian, 195 So.2d 832, 835 (Miss. 1967), the Court stated, "[I]f a power is conferred and the law is silent as to the mode of exercising it, municipal authorities are clothed with a reasonable discretion to determine the manner in which it shall be carried out. All reasonable modes are inferred." This Court then will not interfere with a municipality's legislative authority, substituting its judgment for that of the governing body, Ridgewood Land Co. v. Simmons, 243 Miss. 236, 248, 137 So.2d 532, 536 (1962), except where a local ordinance is arbitrary, discriminatory, confiscatory, an abuse of discretion, Fowler v. City of Hattiesburg, 196 So.2d 358, 362 (Miss. 1967), or conflicts with a state statute. Hattiesburg Firefighters Local 184 v. City of Hattiesburg, 263 So.2d 767, 769 (Miss. 1972).
Mississippi recognizes six forms of municipal organizations, including Miss. Code Ann. §§ 21-3-1 to -25 (1972) (Code Charter), §§ 21-5-1 to -23 (1972) (Commission), *210 §§ 21-7-1 to -19 (1972) (Council), §§ 21-8-1 to -47 (Supp. 1986) (Mayor-Council), §§ 21-9-1 to -83 (1972) (Council-Manager), Mississippi Constitution, Art. 4, § 88 (Private Charter). See, § 21-1-9 (1972). Under § 21-1-11 (1972), this Court takes judicial notice of the class to which a city belongs and of its consequent powers. McComb City operates under a Private Charter, granted in 1872.
The appellants contend that the city's Private Charter empowers only the mayor and selectmen to hire and fire city employees, a responsibility which they now ascribe to the city administrator. Yet, the ordinance states,
The City Administrator shall hire and discharge all employees (other than those under Civil Service, those required by charter to be hired by the Board of Mayor and Selectmen, and department heads) authorized by the Mayor and Board of Selectmen to be hired, at such compensation as may be set or authorized by the Mayor and Board of Selectmen. (emphasis added)
The appellants also cite numerous breaches of then applicable statutory provisions: only governing authorities to hire and fire a deputy clerk, § 21-15-23 (1972), employees of a public utility commission, § 21-27-17 (Supp. 1984), employees of the police and fire departments, § 21-31-23 (Supp. 1984); only recreation commissioners to hire and fire employees of a recreation department, § 21-37-37 (1972).
Additionally, the ordinance provides that the city administrator will examine proposed contracts, prepare an annual budget, and act as the city's purchasing agent. The appellants maintain that these duties violate other statutory provisions, such as the employment of a municipal attorney, § 21-15-25 (Supp. 1984), the duties of the city clerk, § 21-35-11 (Supp. 1984), and the purchasing authority of the chief of police, § 21-21-1 (1972), the superintendent of the public utility commission, § 21-27-17 (Supp. 1984), and the director of the recreation department, § 21-37-37 (1972).
In fact, the ordinance creating the office of city administrator does not conflict with either the city charter or state statutes cited above. Rather, the charter provides that the board "shall select and elect all officers and employees provided by the charter and laws of this state," (§ 5), including the chief of police, municipal judge, and tax collector, but not all city employees (emphasis added). Moreover, the ordinance specifically exempts from the city administrator's authority to hire and fire employees who are "required by charter to be hired by the Board of Mayor and Selectmen." The charter also states that the board "shall provide for the removal of officers and the discharge of employees of said city for misconduct or neglect of duty." Importantly, though, the charter does not mandate that the board itself act to discharge employees who engage in misconduct or neglect of duty; instead, it only requires some provision for their termination.
Similarly, the ordinance fails to conflict with statutory law. In particular, statutes reflecting the operation of a public utility commission or recreation department are inapplicable, since McComb City has neither. Employees of the police and fire divisions, as civil servants, are also excluded by the ordinance. Moreover, there is no language in the statutes under review granting the municipal attorney authority to review contracts, the city clerk authority to prepare a budget, or the chief of police authority to act as purchasing agent for the department.
The sole exception relates to § 21-15-23, which authorizes the municipality's governing body to appoint a deputy clerk, a position which the ordinance did not originally exclude from the city administrator's authority. Yet, in 1983, McComb City amended the ordinance, excepting employees which state law requires the board to hire. This remedy cured the defect.
Finally, the appellants argue that the city administrator is, in fact, the chief law enforcement officer, in violation of § 21-21-1, which reads in part: "[The] chief of police shall be the chief law-enforcement officer of the municipality and *211 shall have control and supervision of all police officers employed by said municipality." Unfortunately, the appellants fail to inform the Court of the basis for their conclusion, which apparently stems from the fact that the chief of police reports directly to the city administrator, who, in turn, answers to the board. Such a procedure offends neither § 21-21-1 nor the charter, and does not suggest, by implication, that the city administrator is the municipality's, de facto, chief of police, any more than, in his absence, it would suggest the mayor and selectmen.

II.
The appellants next contend that the ordinance creating the office of city administrator is void, since the board failed to follow the proper procedure outlined by § 21-3-25 (Supp. 1982). That statute, providing for the position of chief administrative officer in municipalities, which operate under a Code Charter, requires a two-thirds vote of the mayor and aldermen, not less than ninety days prior to any regular general election for municipal officers. The record is silent as to compliance with this statute, except that the ordinance received the necessary two-thirds vote of the selectmen. The present case, though, involves a Private Charter municipality, not Code Charter, the subject of Title 21, Chapter 3, Mississippi Code of 1972. Moreover, the Court notes § 21-8-25 (Supp. 1986), where under the Mayor-Council form, said council may adopt an ordinance allowing the mayor to appoint a chief administrative officer without the aforementioned prerequisites. Clearly then, the legislature has not voiced a uniform method for the establishment of a city administrator's position.
Finally, the record here does not reflect the lack of consent and approval on the part of the governing board of the conduct of the city administrator in hiring and firing city employees. We must assume, since the law requires it, that the minutes of that board would reflect the hiring and firing of the various employees. This is the action of the board, not the administrator. These acts are political in nature and, when no rights have been violated and none are alleged or shown in this record, then this Court does not concern itself with political questions but leaves such matters to the electorate of the City of McComb.
Consistent with the above, and finding no other error, we affirm.
AFFIRMED.
WALKER, C.J., and ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, ROBERTSON, PRATHER, SULLIVAN and ANDERSON, JJ., concur.