Charles W. Rich v. Robert Sylvester McLaurin, District Attorney, ex rel., etc.

1. Municipalities.  *Police justice.*  Code 1892, §§ 2940, 3001.

The office of police justice is created by Code 1892, § 3001, providing for the election of such an officer only in cities having four thousand or more inhabitants, and his election is not governed by Code 1892, § 2940, empowering the authorities of all municipalities, within their discretion, to provide for the election of officers other than those required by statute.

2. Same.  *Election.*

A police justice in cities having four thousand or more inhabitants may be elected by the mayor and board of aldermen in such proper manner as the board shall determine.

3. Same.  *Resolution.*

A resolution, passed at the proper time, declaring the city to have more than four thousand inhabitants and the sense of the board that the city should have a police justice, fixing the salary of the office and bond to be given by the officer, followed by the election to the office of a designated person is a proper mode of procedure and the person so elected, in such a city, is properly elected to the office.

4. Same.  *Right to vote.  Mayor.  Tie vote.*

The mayor is not authorized to vote in the election of a police justice, in the absence of a tie vote by the aldermen.

5. SAME. *Veto power.* Code 1892, § 2979.

While the mayor may, under Code 1892, § 2979, empowering him so to do, veto any measure, yet he cannot veto the election of a police justice, an election not being a measure within the meaning of the statute.

6. SAME. *Ordinances.* Code 1892, § 3009.

Code 1892, § 3009, providing for the record of ordinances in an ordinance book, relates to measures which are "in their nature laws of the municipality," and not to "mere orders or decrees temporary in their nature."

7. SAME. *Title to office disputed. Commission. Oath of office.*

A person elected to the office of police justice is allowed a reasonable time to have a judicial ascertainment of his title to the office, without having a commission, taking the oath of office, or giving bond.

8. SAME. *Duties. Justice of the peace.*

The fact that the duties of a police justice happen to be, in part, those which a justice of the peace might exercise under Code 1892, § 3001, relating to jurisdiction, does not affect his title to the office.

FROM the circuit court of, second district, Perry county.

HON. JOHN R. ENOCHS, Judge.

McLaurin, district attorney, appellee, suing on the relation of one William H. Cook, was plaintiff in the court below; Rich, appellant, was defendant there. The action was a *quo warranto* to recover possession of the office of police justice of the city of Hattiesburg.

Rich was mayor of the city in 1901 and 1902, and acted as police justice by virtue of being mayor. He was re-elected mayor for the years 1903 and 1904. Hattiesburg has more than 4,000 inhabitants. On the first Tuesday in January, 1903, the board of aldermen elected Cook police justice by resolution. The resolution electing Cook provided that he give bond in the sum of $1,000. After this resolution was passed, Cook executed a bond in the penalty of $1,000, payable to the city of Hattiesburg, and not to the state. This bond was approved

by the board of aldermen and the clerk of the chancery court, but not by the president of the board of supervisors. Cook then demanded the office of police justice. Rich, mayor, refused to allow Cook to take possession, but continued to exercise the functions thereof himself.

The court below having rendered judgment in plaintiff's favor, the defendant appealed to the supreme court.

*N. C. Hill,* for appellant.

1. Was appellee duly and lawfully elected to the office of police justice of said city, and did the board of aldermen have the power and authority to elect him, without a precedent ordinance creating said office? and

2. Did appellee, even if he was lawfully and duly elected to said office, qualify by executing bond in the penalty, and in the manner required by law, so as to entitle him to obtain the same from appellant, who was lawfully elected to the office of mayor, and duly installed therein?

It will be seen by Code 1892, § 3001, that a police justice is a justice of the peace within the corporate limits, and as such has, and exercises, all the powers and duties of a justice of the peace that other justices perform for their respective districts, and he is a justice of the peace in and for the whole county, but his jurisdiction is limited to the corporate limits of the town. The power is conferred on the mayor and board of aldermen to elect, at the time provided for the election of other officers by them, a police justice, etc. By § 2992, Code 1892, it is provided that "At the first regular meeting of the mayor and board of aldermen succeeding each regular municipal election, they shall elect a clerk, and in cities, a tax collector. Such officers shall execute bond to the municipality in such penalty, with such sureties, and conditioned as may be prescribed by ordinance, and shall hold their office for two years, and until their successors shall be elected and qualified."

The only time at which a police justice can be elected is at the first regular meeting of the mayor and board of aldermen after the general election in December, which meeting, in this instance, was on Tuesday, January 6, 1903.

At the meeting of January 6, 1903, the board of aldermen undertook to adopt and put in force and effect at once, a resolution declaring that it was the desire of the mayor and board of aldermen to elect a police justice for said city, and fixing his salary, and placing his bond, in penalty at $1,000, which said bond was payable by its terms to the city of Hattiesburg. Under this resolution and election thereunder, appellee claims the office in controversy. After the election of appellee under said resolution, and after the execution of a bond in the penalty of $1,000, payable to the municipality, and not to the state, which bond was approved by the board of aldermen and clerk of the chancery court, but not by the president of the board of supervisors.

The law, Code, § 3057, provides that the bonds of county and district offices, which includes justices of the peace, shall be in the penalty of $2,000 unless the board of supervisors fixes it at a less penalty, and that such bonds shall be approved by the chancery clerk and president of the board of supervisors, and shall be made payable to the state. This is mandatory and without complying with this plain provision of the statute, appellee has not duly qualified as required by law, to fill the office of a justice of the peace and is not entitled to recover of appellant the office in question.

This is a contest between Cook, relator and appellee here, and Rich, defendant below, and appellant here. The relator Cook brings this suit for the possession of the office and therefore must prove his right to the same. It is not a proceeding to oust Rich by the public authorities from a position or office he is holding unlawfully, but it is purely a contest between the two individuals, and the burden is on the relator to show not

only that he has been duly and legally elected to the office in question, and has duly executed the bond required by law before entering upon the duties thereon, but he must show in addition thereto that he has all the qualifications required by law for the holding of an office in the city of Hattiesburg.

The general issue put everything in issue, and having failed to establish by the proof that he had the qualifications of an elector, by proving that he gave the bond required by law, the judgment should be reversed.

*Hartfield & McLaurin* and *S. E. Travis,* for appellee.

What formalities are required in the election of a police justice in cities of more than 4,000 inhabitants ?

The governing body in a municipality is the board of aldermen. The official title of the board of aldermen is the mayor and board of aldermen," but the mayor is not a member of the body. He is connected with it as the presiding officer. He may cast the deciding vote in case of a tie. He may recommend measures and veto them. But he is not a constituent part of the governing body. Code 1892, §§ 2979, 2982. *Bousquet* v. *State,* 78 Miss., 484.

This governing body have large governmental powers. Code, §§ 2925 to 2976 authorizes them to do many important acts by ordinance. They may do other important acts without the formality of ordinance. They may levy local taxes for special improvements under §§ 3011, 3012, by resolution published as an ordinance is required to be published. They may issue bonds for certain purposes under § 3014, *et seq.,* may elect certain officers under § 2992, and may elect police justices under § 3001; and in neither of these cases is a mode of procedure specified.

The rule of construction is that when the board of aldermen are authorized to do a thing, and the method is not prescribed, they are not restricted as to method, and may do it in any way.

The bare election is sufficient, without ordinance, resolution, or even motion. Dillon's Municipal Corporations (4th ed.), sec. 212.

That it was not the intention of the legislature to require officers to be elected by ordinance is apparent from an inspection of § 3009, which provides that every ordinance shall be transcribed and preserved in an ordinance book, and that "the ordinance to be so recorded are those which are in their nature laws of the municipalities, and not mere orders or decrees temporary in their nature."

Appellee endeavors to escape the logic of this position by setting up the claim that the board cannot elect a police justice. without first creating the office of police justice.

No section in the municipal chapter authorizes the creation of an office unless it be § 2940, and this is not applicable to the office of police justice, for it is limited to "officers other than those required in this chapter." The office of police justice is one of those "required in this chapter," for under § 3001, in cities having four thousand or more inhabitants, the mayor and board of aldermen (the governing body may elect— a police justice—and in other municipalities—the mayor, or mayor *pro tempore,* shall be the police justice."

The offices of mayor and of police justice are separate and distinct offices in all municipalites, though held by the same person in some municipalities. The offices are as separate and distinct as those of sheriff and tax collector, or those of chancery clerk and county auditor. The board could not create the office of police justice, for it has already been created by the legislature, and exists in every municipality in the state operating under the code chapter.

But even if these views could be held to be unsound, and the court should hold that an ordinance is required, then the ordinance passed by the board of aldermen on January 9th exactly fills this requirement. It "creates" the office of police justice,

and provides for the election of an officer to fill it; and follows up the ordinance with the re-election of the relator.

The law does not authorize mayors to veto elections. It only authorizes them to veto measures. An election is not a measure.

Whitfield, C. J., delivered the opinion of the court.

The office of police justice is not one of those provided for in § 2940, Code 1892. It is separate and distinctive, created by § 3001 of that code in cities having 4,000 or more inhabitants. Hattiesburg is such a city. A police justice is therefore elected by the board known as the "Mayor and Board of Aldermen." It is not provided anywhere in the code chapter on "municipalities" how he should be elected. He may be elected in such proper mode, therefore, as the board of mayor and aldermen may choose. 1 Dillon on Municipal Corporations (4th ed.), sec. 212.

Cook was elected police justice in this city, but by resolution. This was a proper and sufficient election, and it was held at the regular meeting on Tuesday, January 6th, which was the first regular meeting of the mayor and board of aldermen succeeding the previous regular election, as prescribed by § 2992 of said code. The mayor had no power to vote in the election of said officer, because there was no tie. *Bousquet* v. *State,* 78 Miss., 484, 29 South., 399.

The mayor has no power to veto the election of such officer. He may give the casting vote, as a presiding officer of the tribunal known as the "Mayor and Board of Aldermen," in such elections. Section 2979 of said code. And he may veto any measure passed by the board of aldermen. See same section. But such an election is not "a measure," within the meaning of that section. Section 3009 of said code, referring to those ordinances which are to be recorded in the ordinance book, discriminates between ordinances which are "in their nature laws

of the municipalities," and "mere orders or decrees temporary in their nature." It requires no ordinance to elect a police justice, for manifest reasons, arising from convenience and necessity.

Until final decision that said Cook is, by proper election under said § 3001, police justice of Hattiesburg, he is not required to have a commission, to take the oath of office, or to give bond. He is allowed a reasonable time after such judicial ascertainment of his title to said office to qualify. *Bourgeois* v. *Laizer,* 77 Miss., 146, 25 South., 153. He brings this suit to determine alone his title to the distinctive office of police justice of said city, and § 3057 of said code has no application; and it is immaterial that the duties assigned by the law to him, as police justice, within his proper territory, happen to be, in part, those which a justice of the peace might exercise. He holds the office of police justice, and it is that which the judgment here awards him.

*Affirmed.*