This case presents the interesting issue of the right of a mayor of a town operating under a Code Charter to veto an order of its board of aldermen appointing a town attorney. Because the trial court erred in denying the mayor the right to veto pursuant to Miss. Code Ann. § 21-3-15 (Supp. 1990), we reverse and render on the issue presented.
Lewis J. Weeks, Jr. (Weeks), appointed town attorney in July 1981 for the Town of Wesson, served in this capacity until 1990. The Town of Wesson operates under a Code Charter as provided by Miss. Code Ann. § 21-3-1 et seq. (1972). The governing authorities consist of a mayor and five aldermen.
During the town's regular September 1990 meeting, the board of aldermen voted to remove Weeks as town attorney and to employ Attorney Richard E. Stratton, III.
In the October 1990 town meeting, the board, following a 3-2 vote, ordered that Weeks be rehired as town attorney. Mayor Edwards advised the board that she had the right to veto the rehiring order. Within the time limited by and pursuant to provisions of Miss. Code Ann. § 21-3-15 (Supp. 1990), Mayor Edwards vetoed the rehiring order.
During the town's January 1991 meeting, the board again, by order following a 3-2 vote, reinstated Weeks as its town attorney and terminated the employment of Attorney Stratton. Again, pursuant to the statutory provisions of Miss. Code Ann. §21-3-15, Mayor Edwards vetoed the board's order.
Weeks instituted suit against the town seeking to enjoin it, its officials, agents and employees, from interfering with his service as town attorney. Alternatively, Weeks sought restoration to the position of town attorney and damages for breach of contract.
After a lengthy hearing, the chancellor rendered an opinion finding and holding, inter alia, that the mayor had no power or *Page 1036 
authority to veto the board's action in rehiring Weeks.
Aggrieved, the mayor appeals contending that she had the power and authority by statute to veto the board's orders.
Miss. Code Ann. § 21-15-25 (1972) provides:
 § 21-15-25. Municipal attorney; appointment and compensation.
 The governing authorities may annually appoint an attorney-at-law for the municipality, prescribe his duties and fix his compensation, and/or they may employ counsel to represent the interest of the municipality, should the occasion require. . . . (emphasis added)
Miss. Code Ann. § 21-15-17 (1972) provides, inter alia:
 It shall be the duty of the clerk of every municipality within the State of Mississippi to keep a book of permanent construction to be labeled "Municipal Minutes, City (or Town or Village, as the case may be) of ____," in which he shall record the proceedings and all orders and judgments of the governing authority of said municipality, and to keep the same fully indexed alphabetically, so that all entries on said minutes can be easily found. . . .
 . . . .
 All official actions of the governing authorities of a municipality shall be evidenced only by official entries duly recorded on such minute book.
Miss. Code Ann. § 21-3-15 (Supp. 1990) provides:
 § 21-3-15. Duties of the mayor.
 (1) The mayor shall preside at all meetings of the board of aldermen, and in case there shall be an equal division, he shall give the deciding vote. He shall have the superintending control of all the officers and affairs of the municipality, and shall take care that the laws and ordinances are executed.
 (2) Ordinances adopted by the board of aldermen shall be submitted to the mayor. The mayor shall, within ten (10) days after receiving any ordinance, either approve the ordinance by affixing his signature thereto, or return it to the board of aldermen by delivering it to the municipal clerk together with a written statement setting forth his objections thereto or to any item or part thereof. No ordinance or any item or part thereof shall take effect without the mayor's approval, unless the mayor fails to return an ordinance to the board of aldermen prior to the next meeting of the board, but no later than fifteen (15) days after it has been presented to him, or unless the board of aldermen, upon reconsideration thereof on or after the third day following its return by the mayor, shall, by a vote of two-thirds (2/3) of the members of the board, resolve to override the mayor's veto.
 (3) The term "ordinance" as used in this section shall be deemed to include ordinances, resolutions and orders. (emphasis ours)
The trial court found that it was not the legislature's intent to vest the mayor with the authority to veto employment of a town attorney. In reaching its conclusion, the court relied upon Richv. McLaurin, 83 Miss. 95, 35 So. 337 (1903). In Rich, the Hattiesburg Board of Aldermen, by resolution adopted in 1903, elected W.H. Cook to the office of city police justice. Rich, the mayor, vetoed the election and refused to allow Cook to take possession of the office. R.S. McLaurin, the district attorney suing on the relation of Cook, instituted quo warranto
proceedings against Rich to recover possession of the office. The trial court rendered judgment in favor of Cook. On appeal, the cause was affirmed, the court's opinion stating:
 The mayor has no power to veto the election of such officer. He may give the casting vote, as a presiding officer of the tribunal known as the "Mayor and Board of Aldermen," in such elections. . . . And he may veto any measure passed by the board of aldermen. . . . But such an election is not "a measure," within the meaning of that section.
 . . . .
 It requires no ordinance to elect a police justice, for manifest reasons, arising from convenience and necessity.
83 Miss. at 101-02; 35 So. at 337.
Subsequent to Rich, the statute was amended by deleting the word "measure" *Page 1037 
and inserting "ordinances" in its place and stead. In 1982, the statute was amended by adding Section (3) broadening the definition of "ordinance" as used in the statute.
Rich is distinguishable from this case because:
(a) The appointment of the police justice in Rich required no legislative action. The code chapter on "Municipalities" in 1903 did not provide how he should be elected. The court noted that the election was spawned solely from "convenience and necessity." Miss. Code Ann. § 21-15-25 (1972) specifically states that the governing authorities "may" appoint an attorney and "may" employ and compensate for legal services which the regular municipal attorney is not required to perform as a result of his employment. The trial court properly held that exercise of this discretion and employment of an attorney required legislative as well as administrative action.
(b) The code section in effect when Rich was decided has been amended to change the word "measure" to "ordinances" and to include within the definition of the term "ordinances" all resolutions and orders.[1]
Miss. Code Ann. § 21-15-25 (1972) clearly states that the "governing authorities" of the municipality are clothed with the authority to appoint the municipal attorney. The governing authorities in this case consist of the mayor and board of aldermen. The mayor, however, is authorized to vote only in case of a tie. To deny him the right of veto provided in § 21-3-15
would make him powerless in the appointment process for a town attorney. The municipal attorney is not a department head exercising one portion of the administrative functions of the municipality. He represents and advises the whole municipality, not one or more members of the board of aldermen. He is not a member of any board or commission, and exercises no vote or authority other than the advice and representation he is employed to render on behalf of the municipality. The mayor, who has the primary responsibility for daily discharge of municipal functions, including supervision of all departments and enforcement of the charter and ordinances, is entitled to participation in the process when a municipal attorney is appointed. The trial court failed to glean legislative intent for participation by the mayor. We disagree. It is apparent that the legislature, in broadening the definition of the term "ordinance" to embrace and include all resolutions and orders of the board of aldermen, effectively provided for mayoral participation in the appointment process of the municipal attorney. While we do not decide the limits of the veto power granted by § 21-3-15, it is clear to us that the veto power extends to an order by the board of aldermen appointing a municipal attorney. Of course, the board of aldermen may override the mayor's veto by a 2/3 vote of the board members as provided in the statute.
We conclude that under § 21-3-15, Mayor Edwards had the right and power to veto the board of aldermen orders dated October 2, 1990, and January 2, 1991, and the judgment of the trial court should be reversed and judgment rendered here modifying the trial court judgment to the extent that it fails to recognize the validity of the mayor's veto.
REVERSED AND RENDERED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
[1] Under the mayor/council form of government, the term "ordinance" is deemed to include ordinances, resolutions, orders and any other official actions of the council, except those procedural actions governing the conduct of the council's meetings, appointing a clerk of council, and exercising the council's investigative functions under Section 21-8-13(4). See Miss. Code Ann. § 21-8-47 (1972). *Page 1038