# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01076-SCT

*WILLIAM M. TISDALE*

*v.*

*WILCHIE CLAY, WILLIE A. COOK, CLOYD GARTH AND DEE RILEY, SERVING AS ALDERMEN OF THE CITY OF ABERDEEN IN THEIR INDIVIDUAL WARDS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/97 |
| TRIAL JUDGE: | HON. WILLIAM JOSEPH LUTZ |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAN P. PATTERSON |
| | CLAUDE A. CHAMBERLAIN |
| ATTORNEY FOR APPELLEES: | DEWITT T. HICKS, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/12/98 |
| MOTION FOR REHEARING FILED: | 11/23/98 |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, P.J., ROBERTS AND SMITH, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The appellant, William M. Tisdale (hereinafter "Mayor"), along with Robert D. Patterson, City Attorney at the time, and Kelly Tucker, one of the five members of the Board of Aldermen, filed suit for declaratory judgment against the appellees, Wilchie Clay, Willie A. Cook, Cloyd Garth and Dee Riley, the other four members of the Board of Aldermen (hereinafter "Aldermen"). Robert D. Patterson withdrew from the case before trial and Alderman Kelly Tucker declined to join in the appeal.

¶2. In his complaint for declaratory judgment, Mayor cited a dispute between Mayor and Aldermen as to which had the power to appoint the persons to serve as city attorney, municipal judge, public defender, and the subordinate officers and department leaders of the City, and which had the authority to exercise direct supervisory control over the City employees and supervisors in each department, and which had the

responsibility for the operations of the City. He asked the court to declare that Aberdeen's Special Charter, enacted in 1854, gives that authority to Mayor. Aldermen answered that Aldermen, not Mayor, have the prerogative and duty under the City Charter to appoint the city attorney, the city judge and public defender, as well as the other subordinate officers.

¶3. The three Chancellors of the First Judicial District recused themselves and this Court subsequently appointed Honorable Bill Lutz, Chancellor of the Eleventh Chancery Court District, to preside and conduct the proceedings in this case.

¶4. After being advised by counsel for Mayor and for Aldermen that there were no issues of fact to be determined by the Court, Chancellor Lutz requested simultaneous briefs from both sides on the issues of law, stipulation of facts, and a stipulation of what to include in the trial record. Counsel for both sides agreed that the entire court file, the stipulations to Chancellor Lutz, and the simultaneous briefs of Counsel would comprise the record.

¶5. On August 14, 1997, Chancellor Lutz filed his Opinion and Judgment in which he held that the City Council, which consists of Mayor and Aldermen, have the authority to appoint the city attorney, city judge, public defender and any other subordinate officer the Council determines is appropriate, and that the Council has the authority to establish the term of office for each officer. The Chancellor further held that the Mayor has the authority to appoint a replacement should a subordinate officer be unable to complete the term established for that subordinate office.

¶6. Aggrieved, Mayor filed this notice of appeal. Mayor raises four issues on appeal:

> **I. WHETHER SECTION 21 OF THE SPECIAL CHARTER OF THE CITY OF ABERDEEN GRANTS TO THE MAYOR THE USUAL POWERS INHERENT IN THE EXECUTIVE BRANCH OF GOVERNMENT AS SET OUT IN ARTICLE I, SECTIONS 1 AND 2 OF THE MISSISSIPPI CONSTITUTION OF 1890.**
>
> **II. IF MISSISSIPPI STATUTORY LAW IN REGARD TO MUNICIPALITIES SHOULD BE APPLIED IN INTERPRETING THE CITY'S SPECIAL CHARTER, THE STATUTORY MAYOR-COUNCIL FORM OF GOVERNMENT IS APPLICABLE.**
>
> **III. UNDER THE SPECIAL CHARTER AND THE STATE MUNICIPAL STATUTES THE MAYOR HAS THE SOLE AUTHORITY TO DIRECT CITY OPERATIONS, INCLUDING THE RIGHT TO HIRE, FIRE AND DISCIPLINE CITY EMPLOYEES.**
>
> **IV. ARTICLE I, SECTIONS 1 AND 2 OF THE MISSISSIPPI CONSTITUTION OF 1890 APPLIES TO LOCAL GOVERNMENTS AND OFFICIALS; THEREFORE, THE INTERPRETATION OF THE SPECIAL CHARTER OF THE CITY OF ABERDEEN SHOULD BE HARMONIZED WITH THE CONSTITUTION IF POSSIBLE. IF THIS IS NOT POSSIBLE, IT SHOULD BE HELD TO BE UNCONSTITUTIONAL INSOFAR AS THE SEPARATION OF POWERS DOCTRINE IS CONCERNED.**

¶7. This Court will address each of these issues in turn. The standard of review in the present case is de novo. This Court in *Stevenson v. Stevenson*, 579 So.2d 550, 553 (Miss. 1991) (quoting *Planters Bank & Trust Co. v. Sklar*, 555 So.2d 1024, 1028 (Miss. 1990)), stated, "[w]hen the determination is one of law rather than fact, 'the familiar manifest error/substantial evidence rule does not prevent this Court from

conducting a de novo review of the chancellor's finding.'"

### I. WHETHER SECTION 21 OF THE SPECIAL CHARTER OF THE CITY OF ABERDEEN GRANTS TO THE MAYOR THE USUAL POWERS INHERENT IN THE EXECUTIVE BRANCH OF GOVERNMENT AS SET OUT IN ARTICLE I, SECTIONS 1 AND 2 OF THE MISSISSIPPI CONSTITUTION OF 1890.

¶8. The Chancellor is correct in his finding that the special charter of the City of Aberdeen grants the Mayor myriad responsibilities. Section 21 of that Charter charges the Mayor with the responsibility to see that

> the laws and ordinances thereof are strictly enforced, to inspect the conduct of subordinate officers, and see that their duties are performed; he shall report, from time to time, to the council, all delinquencies on the part of such officers, and communicate such information, and recommend such measures, as he may deem beneficial to the health, security, and good order and government of the corporation; he shall also have power to fill all vacancies that may occur in the subordinate officers of said city. And the said mayor shall also have the power to take and certify . . . the proof and acknowledgment of deeds, and other instruments of writings . . . such proof or acknowledgment to be sufficient for the lawful registration of such deeds . . . . He shall, also, . . . be ex-officio a justice of the peace, and a notary public . . . and likewise to administer all oaths . . . .

1854 Miss. Laws, 100, § 21.

¶9. The Chancellor correctly states that § 21 of the Special Charter of Aberdeen gives the Mayor the power to appoint subordinate officers only to fill a vacancy of an officer who was properly appointed by the city council but then fails to serve out his full term. Furthermore, the City of Aberdeen in April of 1958 passed Council Resolution No. 246 which expressly provided that:

> The city council shall annually appoint the said city attorney or attorney at law for the municipality for a term to expire not later than the first Tuesday of May of each year, prescribe his duties, and fix his compensation as provided by law.

¶10. The Mayor argues that when the Charter states that he has "power to fill all vacancies that may occur in the subordinate offices of the City" that it implies the Mayor's power of appointment to any offices not specifically granted to the council. This is an incorrect reading of the City of Aberdeen Special Charter because the Charter specifically gives such power to the city council, not the Mayor. Section 8 of the Special Charter of Aberdeen grants the city council, "to be constituted by said mayor and selectmen," the power to appoint a city clerk, assistant Marshall for keeping order, tax assessor, tax collector, treasurer, city surveyor, "and appoint such other officers as it may deem necessary, for such terms of office, and with such regulations as it may, by ordinance, prescribe." 1854 Miss. Laws, 100, § 8.

¶11. This specifically gives the city council, not the Mayor acting alone, the power to appoint city personnel not specifically mentioned in the special charter. The Chancellor is correct in dismissing the Mayor's argument that under the separation of powers he should appoint all officers as the chief executive officer. This argument fails because the Aldermen do not appoint the subordinate officers, rather the city council composed of both the Mayor and the Aldermen appoint the subordinate officers. 1854 Miss. Laws, 100, § 8.

¶12. This Court has recognized that local government has numerous positions and groups which consist of a

mix of administrative and legislative characteristics. *See Edwards v. Weeks*, 633 So.2d 1035 (Miss. 1994). As the Chancellor so aptly put it, "[t]he combination of the Mayor and Aldermen working together as one body is not new to this state."

## II. IF STATUTORY LAW OF MUNICIPALITIES IS CONSIDERED IN INTERPRETATION OF A SPECIAL CHARTER, THE STATUTORY MAYOR-COUNCIL FORM OF GOVERNMENT IS APPLICABLE.

¶13. The Mayor argues that Aberdeen's Special Charter most closely resembles a mayor-council form of government as defined in Miss. Code Ann. § 21-8-23 and § 21-8-27 (1990). However, this Court finds that this argument is irrelevant given the plain language of the Aberdeen Special Charter and therefore concludes that this argument is without merit.

## III. THE MAYOR HAS SOLE AUTHORITY TO DIRECT CITY OPERATIONS.

¶14. This issue becomes moot since this Court affirms the Chancellor's holding that the power of appointment of city officers under the City of Aberdeen's Special Charter is vested in the city council composed of the mayor and the aldermen. 1854 Miss. Laws, 100, § 8. The Chancellor is affirmed.

## IV. ARTICLE I, SECTIONS 1 AND 2 OF THE MISSISSIPPI CONSTITUTION APPLIES TO LOCAL GOVERNMENT.

¶15. The Mayor asserts that under Article I, Sections 1 and 2 of the Mississippi Constitution, local governments operate subject to the separation of powers theory of government wherein the Mayor is the executive power and board of aldermen are the legislative power and, therefore, they cannot both exercise appointment powers because that would be a solely executive power vested entirely in the Mayor. For support of this proposition, the Mayor cites *Jordan v. Smith*, 669 So.2d 752, 756 (Miss. 1996).

¶16. However, the aldermen correctly point out that *Jordan* does not support the Mayor's separation of powers argument. This Court in *Jordan* stated that "there is no natural law of the separation of powers, and the powers of local government are separate only insofar as the State Constitution makes them." *Jordan v. Smith*, 669 So.2d 752, 756 (Miss. 1996). Justice Banks, writing for the Court, further stated, "[the] dissent does not cite nor has the writer found an instance in which the constitutional doctrine of separation of powers has ever been applied to municipal government. On the contrary, the code is replete with instances wherein governmental functions are merged at that level." Id. at 758 n. 4. Further support for the Aldermen's argument can be drawn from *Edwards v. Weeks*, 633 So.2d 1035 (Miss. 1994) which the Chancellor cited in his Final Order. In *Edwards*, this Court recognized that local governments have numerous positions which consist of administrative and legislative characteristics. Id.

¶17. In the final analysis, the Special Charter of Aberdeen clearly and sufficiently answers the question of who has authority to appoint the city officers not specifically named in the charter - the city council does.

¶18. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH AND WALLER, JJ., CONCUR. MILLS, J., NOT PARTICIPATING.**