## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 2001-CC-00119-SCT

*JAMES GRANT, DAN LAIRD AND LOUIS ALEXANDER*

*v.*

*CITY OF COLUMBUS*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/04/2001 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | J. DOUGLAS FORD |
| | JOSEPH N. STUDDARD |
| | CARRIE A. JOURDAN |
| ATTORNEY FOR APPELLEE: | KATHERINE S. KERBY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/04/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/25/2002 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. This matter is an appeal from the Lowndes County Circuit Court, which overturned the City of Columbus Civil Service Commission's decision to restore three officers of the Columbus Police Department to the ranks of sergeant, corporal, and corporal respectively. The officers' ranks were restored after the officers were allegedly "promoted" and subsequently "demoted" when the mayor vetoed the City Council's action and the Council subsequently rescinded that action. We conclude that the mayor's veto effectively cancelled the Council's order, and that a subsequent vote to rescind was of no effect. Accordingly, we affirm the judgment of the circuit court.

## FACTS

¶2. On April 4, 2000, the Columbus City Council voted to promote Officers James Grant and Dan Laird to the rank of corporal and Officer Louis Alexander to the rank of sergeant with the Columbus Police Department. Three days later, Mayor George Wade vetoed the order passed by the Council, stating that he was concerned about the procedure utilized in promoting the officers.

¶3. A special City Council meeting was called for April 12th, to discuss its April 4th actions During this meeting a motion was made to rescind the April 4th promotions. The vote on this motion resulted in a three-three tie, with Mayor Wade casting the deciding vote in favor of rescission.

¶4. On April 25, 2000, the Columbus Civil Service Commission (the Commission) convened to hear Officers Grant, Laird and Alexander's grievances against Mayor Wade and the City Council. The Commission heard testimony from the officers as well as city councilmen who voted both for, and against the promotions. The Commission "voted unanimously (3-0) acquired] promoted positions."

¶5. The City of Columbus (the City), appealed the Commission's decision to the circuit court which held that ". . .the Civil Service Commission was without authority to issue an enforceable order...[and] that the [mayor's] veto was valid...." The court vacated the Commission's decision to restore the officers to their promoted positions.

## DISCUSSION

¶6. This Court's scope of review of the decisions of the civil service commission is limited, and the criterion is whether or not, from an examination of the record there exists credible evidence substantiating the commission's action. It is upon this basis that the Court determines whether the decision was in "good faith for cause." *City of Jackson v. Froshour,* 530 So.2d 1348, 1355 (Miss. 1988). Most importantly, it is incumbent upon this Court to determine whether the order in question was within the power of the Commission to make. *City of Meridian v. Johnson* , 593 So. 2d 35, 37 (Miss. 1992)(citing *City of Meridian v. Davidson,* 211 Miss. 683, 53 So.2d 48, 54 (1951)).

¶7. The Civil Service Statutes, Miss Code Ann. §§ 21-31-1 et seq. (Rev. 2001), cover civil service employees who have been permanently appointed or inducted into a municipality's civil service. Section 21-31-23 provides that, "no person in the classified civil service who shall have been permanently appointed or inducted into civil service ... shall be removed, suspended, demoted or discharged, or any combination thereof, except for cause, and only upon written accusation of the appointing power, or any citizen or taxpayer ...." Miss. Code Ann. § 21-31-23.

¶8. A reading of this statute clearly indicates that in order for one to fall under its coverage, one must be: (1) a civil service employee who has been permanently appointed or inducted into a municipality's classified civil service; and (2) removed, suspended, demoted or discharged without cause. While it is clear that the officers were permanent inductees in Columbus civil service, it is not so clear as to whether they were demoted without cause. It requires no leap of logic for us to say that a condition precedent to being demoted, is to first have been promoted. Thus, a determination of whether the city council order on April 4th effectively promoted Officers Grant, Laird and Alexander, is now appropriate.

¶9. We reject the employees' contention that, because they were permanent employees, the civil service statutory scheme is automatically invoked with respect to a claimed promotion. As we view it, one must be permanently placed in each new position in order for the civil service provisions to adhere with respect to that position.

¶10. The officers submit that their promotions were effective immediately after the City Council passed the ordinance on April 4th, promoting them to the positions of corporal, corporal and sergeant, respectively. In support of this position the officers offer: (1) the testimony of two city councilmen, who opined that if there was no set date for the promotions to go into effect, they were presumed to be effective immediately; (2) the fact that work cards had been filled out reflecting the officers' new positions; and (3) the fact that the officers had begun training in their new positions. All these occurred before Mayor Wade cast his veto.

¶11. It is well established that municipalities have only those powers that are granted them by their charters and the statutes. *Peterson v. City of McComb,* 504 So.2d 208, 209 (Miss.1987); *Delta Elec. Power Ass'n v. Miss. Power & Light Co.,* 250 Miss. 482, 510, 149 So.2d 504, 513 (1963); *City of Jackson v. Freeman-Howie, Inc.,* 239 Miss. 84, 93, 121 So.2d 120 (1960). It is also well established that the actions of a municipality are those reflected in its minutes, in keeping with the powers, rules and regulations

embodied in its charter. ***City of Moss Point v. Miller,*** 608 So.2d 1332, 1337 (Miss. 1992); ***Hawkins v. City of West Point,*** 200 Miss. 616, 27 So.2d 549 (1946); ***JLG Concrete Prods. Co. v. City of Grenada,*** 722 So.2d 1283, 1287 (Miss. Ct. App. 1998).

¶12. The Columbus Charter sets forth the powers and duties of the mayor as they relate to the veto of a measure adopted by the council ordinance. Columbus Code § 16 (1884). It provides in pertinent part that "he shall have power to veto or disapprove of any ordinance, rule, or order adopted by said city council whenever he may deem the same inconsistent with this act, or against the interest of the city, and in such case, such ordinance **shall not go into effect or be valid** unless again adopted by two-thirds of said council, to be recorded on its minutes." *Id.* (emphasis added). The Charter also provides the manner in which officers are appointed. *Id*. § 20. They are appointed by the mayor and council. *Id.*

¶13. The Columbus Code of Ordinances sets forth the applicable time frame for the mayor's veto. It states, "in case the mayor shall deem it his duty to veto an ordinance, resolution, rule or order adopted by the city council, he shall, within five (5) days (Sundays excepted) file his veto and objections thereto in writing with the secretary-treasurer." Columbus Code of Ordinances (Code 1905, § 59; Ord. of 2-13-73).

¶14. The City council's order was vetoed by Mayor Wade within the time allotted for such an action and was not "again adopted by two-thirds of said council." It follows in accordance with the express language of the Charter as well as the general nature of the veto power that the action of the city council never became effective. *See **Edwards v. Weeks,*** 633 So.2d 1035, 1037 (Miss. 1994). The motion to rescind merely reaffirmed that fact. It did not constitute a waiver of the veto. The veto had already been accomplished and was effective unless the measure "was again adopted." The mayor's veto came within five days of the April 4th order, and since his reasons were set forth in writing, it was in full compliance with the City's prescribed method for the passage, or not, of measures by the council.

¶15. In ***Edwards,*** this Court was called upon to decide whether the mayor of a municipality, operating under a code charter, had the authority to veto the board of aldermen's order appointing a city attorney. 633 So.2d at 1037. We opined, "While we do not decide the limits of the veto power granted by Miss Code Ann. § 21-3-15, it is clear to us that the veto power extends to an order by the board of aldermen appointing a municipal attorney.[1] Of course, the board of aldermen may override the mayor's veto by a 2/3 vote of the board members as provided in the statute." 633 So.2d at 1037.

¶16. Likewise*,* we have upheld the mayor's authority to veto the appointment of a municipal judge under § 21-3-15. ***Scott v. Stater***, 707 So.2d 182, 185 (Miss. 1997). Later in ***City of Madison v. Shanks,*** 793 So. 2d 576, 579 (Miss. 2000), this Court held that the power granted under § 21-3-15 was still subject to judicial review.

¶17. By analogy, if the mayor of a city operating under a code charter can veto an ordinance passed by that city's board of aldermen under § 21-3-15 of the Mississippi Code, it follows that Mayor Wade could veto the Columbus City Council's ordinance promoting Officers Laird, Grant and Alexander under § 16 of the Columbus Code.

¶18. The veto had the effect of voiding the measure ab initio. ***City of Jackson v. Kirkland,*** 276 So.2d 654, 656 (Miss. 1973)(holding that illegally issued building permit was void ab initio); ***City of Jackson Police Dep't v. Ruddick,*** 243 So.2d 566 (Miss. 1971)(holding that police officer's termination did not comply with Civil Service Rules and was therefore void ab initio). Accordingly, the officers were never

effectively or permanently in the positions from which they claim to have been demoted. It follows that the order of the commission was not supported by substantial evidence.

## CONCLUSION

¶19. For these reasons, the circuit court's judgment is affirmed.

¶20. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**

1. Section 21-3-15 provides in pertinent part; "ordinances adopted by the board of aldermen shall be submitted to the mayor .... no ordinance or any item or part thereof shall take effect without the mayor's approval."