# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00182-SCT

*WILLIAM M. TISDALE, MAYOR AND ALDERMEN*
*BRUNSON ODOM AND JIM BUFFINGTON,*
*ALDERMEN OF THE CITY OF ABERDEEN, IN*
*THEIR CAPACITY AS MEMBERS OF THE CITY*
*COUNCIL OF THE CITY OF ABERDEEN,*
*MISSISSIPPI*

*v.*

*CITY COUNCIL OF THE CITY OF ABERDEEN,*
*MISSISSIPPI AND WILLIE A. COOK, CLOYD GARTH*
*AND ALONZO SYKES, IN THEIR CAPACITY AS*
*MEMBERS OF THE CITY COUNCIL OF THE CITY*
*OF ABERDEEN, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2001 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | TIMOTHY E. ERVIN |
| ATTORNEYS FOR APPELLEES: | M. JAY NICHOLS |
| | DEWITT T. HICKS, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 10/02/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     In today's appeal, we address the appropriate role of the mayor of the City of Aberdeen operating

under a special charter in the appointment of the city attorney. The Circuit Court of Monroe County,

Honorable Andrew C. Baker, Special Judge, presiding, ruled that the city attorney was not an officer of the city and thus the mayor could only vote on the appointment of the city attorney in the event of a tie vote among the aldermen. Finding that the special judge appropriately applied the applicable law to the undisputed facts in this case, we affirm.

## FACTS AND PROCEEDINGS
## IN THE CIRCUIT COURT

¶2. The facts in this case are indeed undisputed. At its regular meeting of May 1, 2001, the City Council of the City of Aberdeen voted 3-2 in favor of the appointment of Robert Faulks as the city attorney. Aldermen Willie A. Cook, Cloyd Garth and Alonzo Sykes voted in favor of Faulks's appointment, while Aldermen Brunson Odom and Jim Buffington voted in opposition to the appointment. Mayor William M. Tisdale, asserting that he was validly exercising his statutory authority, attempted to cast a vote against the hiring of Faulks which, if allowed, would have created a tie vote.

¶3. With three of the five aldermen asserting that Mayor Tisdale had no authority to vote on this matter and that Faulks had thus been duly selected as the city attorney, Mayor Tisdale and Aldermen Odom and Buffington filed their bill of exceptions in the Circuit Court of Monroe County pursuant to Miss. Code Ann. § 11-51-75 (Rev. 2002). On July 13, 2001, the three duly elected circuit judges of the First Circuit Court District, of which Monroe County is a part, entered an order recusing themselves from participating in this matter. By order dated August 30, 2001, the Chief Justice of the Supreme Court appointed the Honorable Andrew C. Baker, a circuit judge from the Seventeenth Circuit Court District, to preside as Special Judge in this cause pursuant to Miss. Code Ann. § 9-1-105 (Rev. 2002).

¶4. Although three separate orders were entered by Judge Baker on November 26, 2001, January 2, 2002, and February 15, 2002, the gist of Judge Baker's ruling was that under the city's charter, the mayor could vote on the selection of municipal officers, and could vote "in case of a tie in other matters," but since the city attorney was not an officer, the mayor could not vote on the selection of the city attorney. The practical effect of Judge Baker's ruling was that the city attorney had been duly elected "by a majority of the voting members," namely, three of the five aldermen. It is from this ruling of the circuit court that Mayor Tisdale and Aldermen Odom and Buffington have appealed, raising but one issue:[1]

> I.  WHETHER THE CIRCUIT JUDGE WAS MANIFESTLY IN ERROR AS A MATTER OF LAW WHEN HE HELD THAT THE POSITION OF CITY ATTORNEY WAS NOT A SUBORDINATE OFFICER OF THE CITY OF ABERDEEN UNDER ITS SPECIAL CHARTER.

¶5. We first determine the appropriate standard of review. Since the facts are undisputed, the issue before this Court is strictly a matter of law. "When the determination is one of law rather than fact, 'the familiar manifest error/substantial evidence rule does not prevent this Court from conducting a de novo review of the [trial judge's] findings." *Tisdale v. Clay*, 728 So.2d 1084, 1086 (Miss. 1998) ("*Tisdale I*").

## DISCUSSION

¶6. Art. 4, § 88, Miss. Const., provides:

> The legislature shall pass general laws, under which local and private interest shall be provided for and protected, and under which cities and towns may be chartered and their

---

[1]While Mayor Tisdale and Aldermen Odom and Buffington are the named appellants, for the sake of clarity, we will refer to the appellants collectively as "Mayor Tisdale." After all, the issue before us regards the role of the mayor in the appointment process for city personnel. Similarly, we will refer collectively to the appellees as the Council.

charters amended, and under which corporations may be created, organized, and their acts of incorporation altered; and all such laws shall be subject to repeal or amendment.

Miss. Code Ann. §§ 21-1-9 & 21-17-9 (Rev. 2001) designate the various forms of government and provide for charter amendments and the governing authority's initiative, respectively. Specifically, Miss. Code Ann. § 21-1-9 states in its entirety:

> All municipalities operating under Chapter 99, Mississippi Code of 1906, and all municipalities operating under Title 21, Chapter 3, Mississippi Code of 1972, shall be designated as having "Code Charters." All municipalities operating under Title 21, Chapter 5, Mississippi Code of 1972, shall be designated as having "Commission Form of Government." All municipalities operating under Title 21, Chapter 7, Mississippi Code of 1972, shall be designated as having "Council Form of Government." All municipalities operating under Title 21, Chapter 9, Mississippi Code of 1972, shall be designated as having "Council-Manager Form of Government." All other municipalities shall be designated as having "Private Charters," or such other form of government as may be created by the legislature, such cities to be designated by the act creating such special form of government.

¶7. The City of Aberdeen, Monroe County, Mississippi, was created by special charter as set out in 1854 Miss. Laws chapter 100. Section 3 of the Charter states in pertinent part:

> That the Municipal government of said city shall be vested in a mayor and six selectmen, an assessor, a collector of taxes, a clerk and treasurer, a marshal and a city surveyor. The mayor and marshal to be biennially elected ... and the selectmen to be annually elected ... the assessor, tax collector, clerk and treasurer, and surveyor, and such other subordinate officers as are in this act provided for, or may be established by said mayor and selectmen, to be appointed or elected, as they shall, by ordinance, direct.

¶8. Section 8 of the City's charter provides:

> That the legislative and contracting power of said city of Aberdeen, shall be vested in a city council, to be constituted by said mayor and selectmen, with power to ... appoint a city clerk ... and assistant marshal ... an assessor ... and a tax collector ... a treasurer ... a city surveyor ... A majority of said council shall constitute a quorum to do business, and the said mayor shall be the presiding officer thereof, ***vote at all elections of officers***, and give the casting vote when a tie occurs in voting upon any question; the said council may

4

delegate the administration of the various affairs of the city to subordinate officers and committees of its own members, with adequate powers....

(emphasis added). In 1919, the number of selectmen was reduced from six to five and the selectmen began to be called aldermen. On April 22, 1958, the City supplemented its charter by passing Council Resolution No. 246, which stated in pertinent part that:

> The City Council shall annually appoint the said city attorney or attorney-at- law for the municipality for a term to expire not later than the first Tuesday of May of each year, prescribe his duties, and fix his compensation as provided by law.

¶9. In *Tisdale I*, this Court held that the city council had the authority to appoint subordinate officers not specifically named in the charter. 728 So.2d at 1088 (¶ 17). In that case, the litigants were almost identical to the case at bar. In *Tisdale I*, Mayor Tisdale appealed from an adverse judgment rendered in the Monroe County Chancery Court, and the named appellees were Aldermen Wilchie Clay, Willie A. Cook, Cloyd Garth and Dee Riley. The fifth alderman, Kelly Tucker, while aligned with Mayor Tisdale in the chancery court proceeding, declined to join Mayor Tisdale in his appeal to this Court. Mayor Tisdale argued that as mayor and chief executive officer, he alone should appoint all subordinate officers, including the city attorney, municipal judge, and public defender. *Id.* at 1087 (¶ 11). However, this Court rejected the Mayor's argument. We stated:

> Section 8 of the Special Charter of Aberdeen grants the city council, "to be constituted by said mayor and selectmen," the power to appoint a city clerk, assistant Marshall for keeping order, tax assessor, tax collector, treasurer, city surveyor, "and appoint such other officers as it may deem necessary, for such terms of office, and with such regulations as it may, by ordinance, prescribe." 1854 Miss. Laws, 100, § 8.

> This specifically gives the city council, not the Mayor acting alone, the power to appoint city personnel not specifically mentioned in the special charter. The Chancellor is correct in dismissing the Mayor's argument that under the separation of powers he should appoint

5

all officers as the chief executive officer. This argument fails because the Aldermen do not appoint the subordinate officers, rather the city council composed of both the Mayor and the Aldermen appoint the subordinate officers. 1854 Miss. Laws, 100, § 8.

728 So.2d at 1087.

¶10. Mayor Tisdale cites our decision in *Tisdale I* in an effort to undergird his argument that as mayor, he can cast a vote on *all* elections of officers, including subordinate officers. Mayor Tisdale's reliance on *Tisdale I* for that proposition is misplaced. It should be kept in mind that the issue in *Tisdale I* was whether the mayor, acting alone, could appoint the city attorney. We answered that question in the negative, finding that the Aberdeen City Council, consisting of both the Mayor and Aldermen, appoints the city officers and personnel not specifically named in the charter. In other words, Section 8 of Aberdeen's charter expressly states that the mayor shall vote at all elections of officers, but that the council may delegate the administration of the affairs of the city to "subordinate officers." When the charter is read and considered in its totality, it is abundantly clear that the mayor votes at the election of officers as named in the charter, and as to subordinate officers, the provisions of the charter simply state that the council may delegate certain responsibilities to subordinate officers, without designating the procedure of selecting such subordinate officers. We can thus state with certainty that whether appropriately designated as an employee or a subordinate officer under Aberdeen's charter, the city attorney is not an officer of the city as envisioned in Aberdeen's special charter.

¶11. Miss. Code Ann. § 21-15-39 (Rev. 2001) provides in pertinent part:

> The provisions of §§ 21-15-3, 21-15-7 through 21-15-19, *21-15-23 to 21-15-31, shall be applicable to all municipalities* of this state, *whether operating under a* code charter, *special charter*, or the commission form of government except in cases of conflict between the provisions of such sections and the provisions of the special charter

6

of a municipality...in which cases of conflict the provisions of the special charter...shall control.

(emphasis added). Since Aberdeen's charter is silent as to the method of selection of the city attorney, Miss. Code Ann. § 21-15-25 (Rev. 2001) is applicable. This statute states in pertinent part:

The governing authorities may annually appoint an attorney-at-law for the municipality, prescribe his duties and fix his compensation, and/or they may employ counsel to represent the interest of the municipality, should the occasion require.

¶12. While Mayor Tisdale vigorously contests the applicability of our decision in *Edwards v. Weeks*, 633 So.2d 1035 (Miss. 1994), the Council's reliance on this case is appropriate. Notwithstanding the fact that *Weeks* involved a municipality created by a code charter, it does apply to the case before us today because of the necessity in referring to the statute, as opposed to the charter, for guidance in selection of the city attorney. In *Weeks*, we stated:

Miss. Code Ann. § 21-15-25 (1972) clearly states that the "governing authorities" of the municipality are clothed with the authority to appoint the municipal attorney. The governing authorities in this case consist of the mayor and board of aldermen. The mayor, however, is authorized to vote only in case of a tie.

633 So. 2d at 1037. The fact that in *Weeks*, we relied on Miss. Code § 21-3-15 (code charter municipalities) which provided for the mayor to vote only in a case of a tie, is of no moment in the case before us today. Section 8 of Aberdeen's special charter clearly provides for the mayor to vote only at the election for the therein named officers and in all other matters, to vote only when a tie occurs.

¶13. Our decision today is not inconsistent with our decision in *Tisdale I*. Again, we answered the question which Mayor Tisdale put before us in *Tisdale I* – Did the mayor acting alone, or the city council, consisting of the mayor and the aldermen, appoint subordinate officers? The answer – the city council. This does not mean that the mayor actually votes on every appointment of subordinate officers or other

7

personnel hired by the City. As correctly stated by the Council in its brief, the mayor "can participate by presiding at the Board meeting, discussing the candidates for appointment of city attorney with the Aldermen, and in the event of a tie vote, cast his vote to break the tie." This interpretation is totally consistent with Section 8 of the City's charter, which states that "[a] majority of said council shall constitute a quorum to do business, and the said mayor shall be the presiding officer thereof, vote at all elections of officers, and give the casting vote when a tie occurs in voting upon any question." While the mayor is correct in asserting that four of six members of the city council constitute a quorum for doing business, he is incorrect in asserting that when all city council members are present for a meeting, four of six voting members constitute a majority. Except in the election of the officers expressly named in the charter, the mayor votes only in order to break a tie vote among the aldermen.

¶14.     A reading of the assignment of error clearly reveals that Mayor Tisdale is of the opinion that Judge Baker ruled that the position of Aberdeen city attorney is not a "subordinate officer," thus inferring that if we hold otherwise, the mayor wins. However, Judge Baker's three orders must be read and considered in their totality. We find the following language from Judge Baker's three orders compelling:

> As the Mississippi Supreme Court ruled in **Tisdale v. Clay**, 728 So.2d 1084 (Miss. 1998), a case involving these same parties, the city council has the authority to appoint the city officers not specifically named in the charter....The Court does find that the charter gives the mayor the power to vote <u>for officers</u> and to vote in case of a tie in other matters. The Court also finds that the city attorney is not an officer and therefore, the mayor did not have the right to vote. Therefore, the city attorney was elected by a majority of the voting members....The finding of this court that the city attorney is not an officer is not a finding of fact but a finding as a matter of law.

(emphasis in the original). It is clear from a close reading of Judge Baker's orders that he found as a matter of law that Aberdeen's city attorney was not a municipal officer. Judge Baker did not find that the city attorney was not a subordinate officer of the city.

## CONCLUSION

¶15.   Because the city attorney is not expressly designated in the City of Aberdeen's special charter as an officer of the City of Aberdeen, the trial judge correctly ruled in the case before us that, in accordance with the special charter, the mayor may cast a vote on the issue of the appointment of the city attorney only in the event of a tie. Because Robert Faulks was duly elected as Aberdeen's city attorney by a 3-2 vote of the City Council, the judgment of the Circuit Court of Monroe County is affirmed.

¶16.   **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. DIAZ, J.,  NOT PARTICIPATING.**