IRVING, P.J.,
for the Court:
¶ 1. The City of Jackson (City) appeals the judgment of the Hinds County Circuit Court affirming the order of the Jackson Civil Service Commission (Commission) reversing Officer Slade Moore’s termination from the Jackson Police Department (JPD) for his use of excessive force in making arrests, particularly in the arrest of Chad Calcóte. The City contends that the Commission’s decision to reinstate Officer Moore is not based on substantial evidence, is arbitrary and capricious, and is beyond the scope of the power granted to the Commission under Mississippi law.
¶ 2. We find merit in the City’s contention. Accordingly, we reverse and render the Commission’s order and the circuit court’s judgment affirming that order.
FACTS
¶ 3. On July 5, 2005, Shirlene Anderson was sworn in as chief of the Jackson Police Department. Immediately after taking office, Chief Anderson began reviewing the personnel files of officers with writeups for misconduct, including writeups for the use of excessive force. She discovered that Officer Moore’s file contained several complaints, including Calcote’s complaint, alleging that Officer Moore had used excessive force. However, Officer Moore’s file did not indicate that JPD had taken any action. As a result, Chief Anderson transferred Officer Moore from police patrol to the Department of Research and Planning until she could review all of the complaints in his file and make a determination regarding the complaints against him. During his reassignment, Officer Moore retained his current rank, pay, and benefits.
¶ 4. After Chief Anderson completed her review of the complaints against Officer Moore, she terminated him. In her letter of termination, she advised Officer Moore that he was being terminated because of *1240 his use of excessive force in arresting Cal-cóte. Additionally, she pointed out that he had a history of using excessive force in making arrests and that continuing his employment as a police officer with the City would continue to expose it to liability.
¶ 5. Officer Moore requested that the Commission review his termination.[1] The Commission held a hearing at which Chief Anderson, Deputy Chief Brent Winstead, and Officer Moore testified. Chief Anderson testified that her decision to terminate Officer Moore was based on the outcome of the Calcóte case,[2] Officer Moore’s numerous allegations of misconduct, and his violation of certain provisions of JPD’s General Orders and Rules and Regulations.
¶ 6. Deputy Chief Winstead testified that he had previously held supervisory authority over Officer Moore. He stated that he had evaluated Officer Moore over a period of eighteen months and that he had given Officer Moore outstanding performance ratings. However, he was not aware of any of the complaints against Officer Moore that led to Officer Moore’s termination, as he was not his supervisor during that time period.
¶ 7. During his testimony, Officer Moore admitted that there had been a struggle between him and Calcóte on the day of Calcote’s arrest. He testified that he had fully cooperated with JPD’s Internal Affairs Department during its investigation of the incident. Officer Moore further testified that Officer Michael Recio and Mayor Frank Melton had contacted him in 2005 to request that he join Mayor Melton’s “Street Crimes Strike Team,” and that he had initially agreed. However, once he discovered that the Strike Team’s actions were illegal, he asked to be removed from the team and returned to the police precinct as a shift sergeant. According to Officer Moore, he was relieved of his police duties several months after leaving the Strike Team. According to Officer Moore, after he learned of the City’s intent to terminate his employment, Mayor Melton contacted him and asked him to return to the Strike Team. Officer Moore reluctantly agreed because he thought the transfer would prevent his termination. However, Chief Anderson terminated him before his re-assignment to the Strike Team became effective. Officer Moore testified that he believed that his termination was related to his not wanting to be a member of the Mayor’s Strike Team.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. The City argues that the Commission’s decision is not supported by substantial evidence. Specifically, the City argues that the Commission substituted its judgment for the City’s.
¶ 10. The Commission’s review of a city’s decision to remove, suspend, demote, or discharge a civil-service employee is limited to determining whether the “disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause.” Miss.Code Ann. § 21-31-23 (Rev.2007). The circuit court's review of the Commission’s decision is limited to a review of the *1241 transcript of the proceedings before the Commission to determine “whether the judgment or order of removal, discharge, demotion, suspension[,] or combination thereof made by the Commission, was or was not made in good faith for cause.... ” Id.
¶ 11. An appellate court’s “scope of review of the decisions of the civil service commission is limited, and the criterion is whether or not, from an examination of the record!,] there exists credible evidence substantiating the commission’s action.” Grant v. City of Columbus, 812 So.2d 976, 978 (¶ 6) (Miss.2002). Furthermore, an appellate court is to use the “credible evidence” standard of review to determine whether the commission’s decision was in “good faith for cause.” Id. (quoting City of Jackson v. Froshour, 530 So.2d 1348,1355 (Miss.1988)).
¶ 12. The Commission determined that Officer Moore should be reinstated. However, the last paragraph of the Commission’s order is the only paragraph that discusses why the Commission held as it did. The Commission stated that this Court’s decision in Calcóte, holding the City of Jackson liable for Officer Moore’s actions, did not prevent it from reinstating Officer Moore. It did not address whether the City’s decision to terminate Officer Moore’s employment was or was not made in good faith for cause, nor did it address whether the City’s decision was or was not religiously or politically motivated. The Commission concluded that because the City had admitted that Officer Moore’s actions were within the scope of his employment and, thus, not malicious, Officer Moore’s termination “was not supported by evidence.”
¶ 13. We find that the Commission’s decision to reinstate Officer Moore was not made in good faith for cause. As previously stated, the Commission could reverse the City’s decision only if it found that the City had terminated Officer Moore for political or religious reasons, or that the termination decision was made in bad faith and without cause. The Commission, without citing any authority, found that “[t]he liability of the City of Jackson for the negligence of an officer is not necessarily grounds for the termination of the officer even when injury results to an arrested individual.” That may or may not be so in the case of a single act of negligence on the part of an officer. However, we need not decide that question today. Suffice it to say, Officer Moore’s ease involves more than a single act of negligence. More importantly, the Commission lacked the authority to look behind the City’s reasons for the termination except to determine whether the termination was for political or religious reasons, or was made in bad faith and without cause. There is nothing in the transcript of the Commission’s proceedings that would suggest that the City acted in bad faith or that its decision was religiously or politically motivated. Therefore, we find that the Commission’s decision to reinstate Officer Moore was not made in good faith for cause. Consequently, we reverse and render the Commission’s order reinstating Officer Moore and the circuit court’s judgment affirming that order.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. By statute, Officer Moore was entitled to an investigation by the Commission of the reasons for his termination. Miss.Code Ann. § 21-31-23 (Rev.2007).

. In City of Jackson v. Calcote, 910 So.2d 1103, 1110-11 (¶¶ 20-23) (Miss.Ct.App.2005), the City was held liable to Calcóte for injuries that he suffered as a result of Officer Moore’s use of excessive force in arresting him.